UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:05-CV-30073-JLT

| | |
|---|---|
| GMAC Real Estate, LLC )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Costello Realty, Inc. )<br>    Defendant. )<br>) | ANSWER AND COUNTERCLAIM<br>DEFENDANT CLAIMS TRIAL BY JURY |

1. The Defendant admits so much of paragraph one of the Complaint that alleges that "GMACRE is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business in the State of Illinois," but is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph one of the Complaint and therefore denies said allegations.

2. The Defendant admits that it has a principal place of business in Massachusetts, but denies all remaining allegations contained in paragraph two of the Complaint.

3. The Defendant denies the allegations contained in paragraph three of the Complaint.

4. The Defendant denies the allegations contained in paragraph four of the Complaint.

5. The Defendant admits the allegations contained in paragraph five of the Complaint.

6. The Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph six of the Complaint and therefore denies said allegations.

7. The Defendant admits the allegations contained in paragraph seven of the Complaint.

8. The Defendant denies the allegations contained in paragraph eight of the Complaint.

9. The Defendant admits the allegations contained in paragraph nine of the Complaint.

10. The Defendant denies the allegations contained in paragraph ten of the Complaint.

11. The Defendant denies the allegations contained in paragraph eleven of the Complaint.

12. The Defendant denies the allegations contained in paragraph twelve of the Complaint.

13. The Defendant denies the allegations contained in paragraph thirteen of the Complaint.

14. The Defendant denies the allegations contained in paragraph fourteen of the Complaint.

15. The Defendant denies that any underreporting was discovered or took place, but admits only that it was invoiced by the Plaintiff and denies any remaining allegations contained in paragraph fifteen of this Complaint.

16. The Defendant denies the allegations contained in paragraph sixteen of the Complaint.

17. The Defendant denies the allegations contained in paragraph seventeen of the Complaint.

18. The Defendant admits the allegations contained in paragraph eighteen of the Complaint.

19. The Defendant denies the allegations contained in paragraph nineteen of the Complaint.

20. The Defendant denies the allegations contained in paragraph twenty of the Complaint.

21. The Defendant denies the allegations contained in paragraph twenty-one of the Complaint.

22. The Defendant denies the allegations contained in paragraph twenty-two of the Complaint.

23. The Defendant denies the allegations contained in paragraph twenty-three of the Complaint.

24. The Defendant repeats its answer to paragraphs one through twenty-three of the instant Complaint.

25. The Defendant denies the allegations contained in paragraph twenty-five of the Complaint.

26. The Defendant denies the allegations contained in paragraph twenty-six of the Complaint.

<u>First Affirmative Defense</u>

The instant complaint fails to state a cause of action upon which relief can be granted and therefore must be discussed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>Counterclaim</u>

1. The Plaintiff-in-Counterclaim is <u>Costello Realty, Inc.</u>, which has a principal place of business in Franklin, Norfolk County, Commonwealth of Massachusetts and is a corporation duly organized in accordance with the laws of the Commonwealth of Massachusetts.

2. The Defendant-in-Counterclaim is GMAC Real Estate, LLC is a limited liability company organized and existing under the laws of the State of Delaware having a principal place of business in the State of Illinois .

3. That on or about April 24, 2000 the parties entered into an agreement by which the Defendant was to provide certain services, including but not limited to, the use of certain "Marks", including the "Mark", Better Homes and Gardens in the promotion and sale of residential real estate, as well as advertising and other programs designed to enhance and promote the real estate brokerage business of Costello Realty, Inc.

4. In exchange for the services described in paragraph three of the Counterclaim Costello Realty, Inc., was obligated to pay GMAC a transaction fee.

5. At various times and dates from May, 2000 to December, 2004, the Defendant-in-Counterclaim GMAC failed to perform the services mandated by the terms of the agreement, and said failure constituted a breach of the terms and obligations of the agreement.

6. That as a direct result of the breach of the agreement by GMAC, Costello Realty, Inc. sustained damages, including, but not limited to, loss of sales, loss of business opportunity and damage to its reputation in the business community.

Wherefore, the Plaintiff-in-Counterclaim Costello Realty, Inc. demand judgment against the Defend-in-Counterclaim GMAC, in any amount as the evidence may prove at trial plus interest, costs and attorneys fees.

          Respectfully submitted,
          COSTELLO REALTY, INC.
          By Its Attorney:


            /s/ Edward J. McCormick, III
          Edward J. McCormick, III, Esquire
          Gilmore, Rees, Carlson & Cataldo, P.C.
          1000 Franklin Village Drive
          Franklin, MA 02038
          (508) 520-2200
          BBO# 329780

283933.1