### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GMAC REAL ESTATE, LLC,** | |
| Plaintiff, | |
| vs. | **CIVIL ACTION NO. 1:05-CV-30073-JLT** |
| **COSTELLO REALTY, INC.,** | |
| Defendant. | |

### PLAINTIFF GMAC REAL ESTATE, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff, GMAC Real Estate, LLC ("GMACRE"), by its attorneys, submits this memorandum of law in support of its motion, pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of the District of Massachusetts, to compel Defendant, Costello Realty, Inc. ("Costello"), to produce documents in response to GMACRE's First Request for Production of Documents.

### RELEVANT FACTUAL BACKGROUND

**A.      The Parties and their Written Service Contract**

This action arises out of Costello's attempts to conceal from GMACRE the commission income it earned during the term of the parties' franchise agreement and, as a result, the fees to which GMACRE was actually entitled. GMACRE brought this action to recover those fees, as well as the damages it sustained as a result of Costello's premature and unauthorized abandonment of its franchise.

GMACRE is engaged in the business of granting to others ("franchisees") the right to operate residential real estate brokerage offices using various trade and service marks, including the mark "GMAC® Real Estate" (the "GMAC Marks").  On or about April 24, 2000, Costello

entered into a written Real Estate Service Affiliate Contract (the "Service Contract") with GMACRE's predecessor-in-interest.    Under the Service Contract, Costello was granted a franchise to operate a residential real estate office in Massachusetts and to use the GMAC Marks in connection with its operation of that office.  In return, Costello agreed, among other things, to pay GMACRE certain fees, including Transaction Fees and Advertising Fees.  The Transaction and Advertising Fees, which were due and payable on a monthly basis, were computed as a percentage of the commission and fees income Costello generated from the sale of residential real property.

**B.    Costello's Underreporting Of Residential Income**

The Service Contract contains various provisions designed to ensure that Costello was accurately reporting its commission income.  Paragraph 12 of the Service Contract, for example, required Costello to provide GMACRE with annual financial statements.  Paragraph 12 of the Service Contract also granted GMACRE the right "to inspect and audit [Costello's] accounting records and books."

In January of 2003, GMACRE attempted to perform an audit of Costello's books and records.  While Costello hardly facilitated the audit process – Costello initially told GMACRE's auditor that it had destroyed all records after it filed its tax return – the limited information which Costello made available to GMACRE indicated that the Costello had grossly underreported his commission income to GMACRE.  In fact, the audit report revealed that between 1999 and 2001 alone, Costello failed to report **$1,013,033.00** in residential commission income to GMACRE.

Based on this underreporting, GMACRE invoiced Costello $75,295.95, which represents the Transaction Fees, Advertising Fees and late charges due on the $1,013,333.00 in residential commission income which Costello failed to report to GMACRE, and the audit fee which

GMACRE incurred discovering Costello's underreporting. Costello refused, however, to pay GMACRE any of these fees. Instead, in September of 2004, Costello abandoned its GMACRE franchise and ceased paying any fees to GMACRE. This suit followed. In its Complaint, GMACRE seeks the monies which the audit revealed Costello had concealed from GMACRE, as well as the fees it would have earned had Costello not abandoned its franchise before the end of the term of the Service Contract.

On or about June 2, 2005, Costello filed its Answer and Counterclaim. Costello's Counterclaim asserts that GMACRE failed to perform unspecified obligations under the Service Contract, causing Costello to lose sales.

## C.    GMACRE's Discovery Requests

On December 29, 2005, after the December 6, 2005 Scheduling Conference (during which the Court specifically instructed the parties to exchange financial information), GMACRE sent Costello GMACRE's First Request for Production of Documents. The requests principally seek various documents related to Costello's financial performance, including sales records, financial statements (such as profit and loss statements), and tax returns.[1] Costello served its responses to those requests on February 3, 2006.[2] (A true and correct copy of Costello's Response is annexed hereto as Exhibit B.)

---

[1]    Consistent with this Court's instruction that the parties focus on financial documentation, GMACRE is not seeking to compel the production of documents responsive to those requests which do not focus exclusively on the financial performance of Costello. GMACRE will raise any issues it has with respect to Costello's responses to these other requests in the event the parties are unable to resolve this matter and further discovery proves necessary.

[2]    On February 2, 2006, GMACRE's counsel (Michael Vhay) contacted Costello's counsel to determine if he had responded to GMACRE's document requests. Costello's counsel advised Mr. Vhay that he did not receive the requests. A copy of the receipt showing Costello's counsel's receipt of the requests (on December 30, 2005) is annexed hereto as Exhibit A.

As set forth more fully below, despite this Court's instructions, Costello has objected to producing the most basic financial documentation. Specifically, Costello objected to producing any of its corporate tax returns or any financial statements. On March 7, 2006, pursuant to Local Rule 37.1, GMACRE's counsel (Michael Vhay and John Hughes) had a telephone conference with Costello's counsel (Edward McCormick) in an effort to resolve the matters set forth in this motion. The conference took place at approximately 11:30 EST, and lasted for approximately 30 minutes. The parties were unable to reach an agreement on these issues, as Costello simply refused to produce any documents in response to these requests.[3]

## ARGUMENT

**I.**    **Costello Should Be Ordered To Produce Its Financial Statements.**

Request No. 7 of GMACRE's First Requests for Production asks for "[a]ll financial statements, including, but not limited to income, cash flow and profit and loss statements, for Your Real Estate Business from 1998 to the present." Costello objected to producing any documents in response to this request, claiming that the request was "overly broad, vague and unduly burdensome." Costello also claimed that the request called "for documents not reasonably calculated to lead to evidence admissible at trial."

Costello's objections are groundless. To the extent Costello or his accountant created financial statements tracking Costello's financial performance (such as balance sheets, profit and loss statements, cash flow statements), such statements are, or should be, readily accessible. In fact, the Service Contract specifically obligated Costello to send GMACRE financial statements

---

[3]    Even though Costello did not raise any confidentiality objections, GMACRE offered to enter into a protective order to address any concerns Costello might have about the confidentiality of its financial documents. Costello rejected this request.

on an annual basis.   Nor is there anything vague about a request for financial statements. GMACRE's request specifically lists the type of statements it wants Costello to produce, and if Costello actually had any questions about the types of documents which GMACRE seeks, it could have raised that issue during the Rule 37.1 conference.   Instead, Costello simply refused to produce **any** documents in response to this request.

Costello's final objection – that the request seeks documents that are irrelevant to this proceeding – is mystifying.   GMACRE's Complaint is premised on its belief that Costello fraudulently concealed from GMACRE the amount of residential income it was earning (a belief that was confirmed by the audit which GMACRE conducted).    The numbers set forth in the financial statements which Costello or its accountant prepared directly relate to this issue, as those statements will demonstrate whether Costello was accurately reporting its income.   These documents are certainly relevant. *See U.S. v. New England Adolescent Research Inst., Inc.*, 162 F.R.D. 410, 414 (D. Mass. 1995) (relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action).

In addition, Costello's financial records are relevant to Costello's counterclaim.   As noted above, Costello claims that GMACRE's alleged contractual breaches caused it to "sustain[] damages, including, but not limited to, loss of sales, loss of business opportunity and damage to its reputation in the business community."   (Counterclaim at ¶ 6 [Dkt. #18]).    Costello's financial records are directly relevant to this claim.

## II.    Costello Should Be Ordered To Produce Its Tax Returns.

Request No. 8 of GMACRE's First Request for Production seeks "[a]ll federal and state income tax returns filed by You or on Your behalf relating to the income and/or profitability of

Your Real Estate Business from 1998 until the present." Costello asserted the very same objections to this request as it did to request which sought Costello's financial statements.

Again, Costello's objections are groundless. At most, Costello filed two tax returns (one state and one federal) for each of the years 1998 to the present. Therefore, complying with this request will entail producing 14 documents. That can hardly be considered unduly burdensome. Costello's vagueness objection is similarly misguided. GMACRE's requests seeks Costello's state and federal tax returns. There is nothing vague about that.

Costello's last objection asserts that the tax returns are irrelevant. But as noted above, this lawsuit is premised on GMACRE's claim that Costello fraudulently concealed income from GMACRE. Comparing the information set forth in Costello's tax returns and the information submitted to GMACRE bears directly on this issue. *See Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D. Mass. 1986) ("Tax returns are subject to discovery as long as they are relevant to the subject matter of the action."). Further, by filing a counterclaim and claiming damages (including lost sales), Costello has put its income at issue. Its tax returns are unquestionably relevant to the income Costello earned. *See Buntzman v. Springfield Redevelopment Auth.*, 146 F.R.D. 30, 32 (D. Mass. 1993) ("where a party has put in issue the amount of his income, that party's tax returns or reasonable substitutes are discoverable"); *Keco Industries, Inc., v. Stearns Elec. Corp.*, 285 F. Supp. 912, 913 (D. Wis. 1968) (in action for breach of contract where plaintiff sought damages for losses attributable to breach and for loss of good will and future profits, defendant was entitled to examine copies of plaintiff's federal income tax returns).

Finally, Costello's tax returns may be the only available source of information regarding its income. Despite its contractual obligation to do so, Costello did not submit annual financial statements to GMACRE. That failure has carried through to discovery in this case.

Accordingly, the tax returns at issue are not only the most reliable means for ascertaining Costello's true financial performance, but may be the only means.[4]

## CONCLUSION

**WHEREFORE**, GMACRE respectfully requests that this Court enter an Order requiring Costello to produce immediately all documents responsive to requests Nos. 7 and 8 of GMACRE's First Request for Production of Documents. GMACRE further requests that this Court award it the costs and fees it incurred in bringing this Motion.

> **GMAC REAL ESTATE, LLC,**
>
> By its attorneys,
>
>
> _____/s/ Michael D. Vhay_____
> Michael D. Vhay (BBO #566444)
> DLA PIPER RUDNICK GRAY CARY US LLP
> 33 Arch Street, 26th Floor
> Boston, MA 02110-1447
> (617) 406-6000
>
> Norman M. Leon
> DLA PIPER RUDNICK GRAY CARY US LLP
> 203 North LaSalle Street, Suite 1900
> Chicago, IL 60601
> (312) 368-4000

Dated: March 9, 2006

---

[4] In considering a motion to compel the production of tax returns, some courts have considered whether the information in the returns was available from another source. *See Buntzman*, 146 F.R.D. at 32. That test, however, was fashioned in response to concerns over the privacy of tax returns. Costello has not asserted any objection regarding the privacy or confidentiality of its tax returns, and even if it had, GMACRE was fully prepared to address any such concerns by entering into a confidentiality order. Furthermore, unlike *Buntzman*, this case does not concern an individual's tax returns, but a corporation's returns. Accordingly, the privacy concerns which underlie this additional consideration are not present here. (Costello already agreed in the Service Contract to permit GMACRE to audit its books and records.) Finally, since Costello has produced nothing other than a summary of the sales that are subject to the parties' franchise agreement, it should not be heard to assert that the information in the tax returns is available from some other source.

UPS Package Tracking



Home | About UPS | Contact UPS | Getting Started @ UPS.com

**UPS Uni**

Log-In  User ID: [          ]  Password: [          ] → | Forgot Password

## Tracking

→ **Track by Tracking Number**
  › Track by E-mail
  › Import Tracking
    Numbers 🔒
→ Track by Reference Number
→ Track by Freight Tracking
  Number
→ Track by Freight Shipment
  Reference
→ Track with Quantum View
→ Sign Up for Signature
  Tracking 🔒
→ Void a Shipment 🔒
→ Help

### ▮▮▮ Track by Tracking Number

**View Tracking Summary**

To see a detailed report for each package, please select the **View package progress** lir

| Tracking Number | Status | Delivery Information | |
|---|---|---|---|
| 1. 1Z 608 559 01 9342 378 3 | **Delivered** | Delivered on: | 12/30/2005 9:53 A.M. |
| | | Delivered to: | FRANKLIN, |
| | | Signed by: | MCW |
| | | Service Type: | NEXT DAY A |

→ View package progress

Tracking results provided by UPS: 02/02/2006 11:25 A.M.  Eastern Time (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tende
you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems a
information is strictly prohibited.

---

Home | Shipping | Tracking | Support | Business Solutions | About UPS | Contact UPS | Register | Getting Started | Site Guide | Advan
UPS Global | UPS Corporate

Copyright © 1994-2006 United Parcel Service of America, Inc. All rights reserved.
Web Site Terms of Use | Privacy Policy | Trademarks | Tariff | Terms and Conditions of Service

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GMAC REAL ESTATE, LLC, )
    Plaintiff, )
     )
V. )
     )    Civil Action No. 1:05-CV-30073-JLT
COSTELLO REALTY, INC., )
    Defendant. )
     )
     )

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

    The defendant objects to any and all definitions and instructions set forth in the plaintiff's Request for Production of Documents and will respond in accordance with the Federal Rules of Civil Procedure.

Request No. 1

All documents which evidence, refer, or relate to any and all agreements between You and GMACRE, including, but not limited to, all documents evidencing, referring, or relating to any alleged oral agreements.

Response No. 1

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

304144.1

<u>Request No. 2</u>

All documents which evidence, refer, or relate to the negotiation for and execution of the Service Contract.

<u>Response No. 2</u>

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

<u>Request No. 3</u>

All documents which evidence, refer, or relate to Your acquisition of Your former GMACRE Real Estate Business.

<u>Response No. 3</u>

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

<u>Request No. 4</u>

All documents which evidence, refer, or relate to any communications between You and GMACRE relating to any of the matters described in GMACRE's Complaint or Your Answer and Counterclaim.

<u>Response No. 4</u>

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 5

All documents which evidence, refer, or relate to any communications between You and any third party, other than Your attorney, regarding the matters alleged in GMACRE's Complaint or Your Answer and Counterclaim.

Response No. 5

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 6

All documents which evidence, refer, or relate to the gross receipts, residential commission income, and/or sales of Your former GMACRE Real Estate Business from 1998 to the present.

Response No. 6

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 7

All financial statements, including, but not limited to income, cash flow and profit and loss statements, for Your Real Estate Business from 1998 until the present.

Response No. 7

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial.

Request No. 8

All federal and state income tax returns filed by You or on Your behalf relating to the income and/or profitability of Your Real Estate Business from 1998 until the present.

Response No. 8

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome.  The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial.

Request No. 9

All documents GMACRE provided to You in connection with the development, construction and/or operation of Your Real Estate Business, including, but not limited to, all plans, manuals, operations, manuals, guides, handbooks, updates, memoranda, representations, notes, charts, offers, reports, submissions and summaries.

Response No. 9

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome.  The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 10

All documents which evidence, refer, or relate to any marketing or advertising You conducted or placed referring, regarding, or relating to Your GMACRE Real Estate Business, including, without limitation, hard copies of all such marketing and advertising materials and documents demonstrating the date(s) on which all such marketing or advertising materials were ordered and/or canceled.

Response No. 10

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome.  The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such

objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 11

All documents which evidence, refer, or relate to any payments You made to GMACRE, including, but not limited to, payments for transaction fees, advertising fees, and referral fees from 1998 to the present.

Response No. 11

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 12

Each document that You expect to introduce during the trial of this matter.

Response No. 12

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 13

All statements or affidavits You have obtained from any person referring, regarding, or relating to any of the matters alleged in GMACRE's Complaint or Your Answer and Counterclaim.

Response No. 13

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 14

All documents which evidence, refer, or relate to any of Your municipal, local, county, state, or other governmental authority sales tax returns from 1998 to the present.

Response No. 14

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial.

Request No. 15

All documents which evidence, refer, or relate to the location and/or disposition of the assets of Your GMACRE Real Estate Business.

Response No. 15

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial.

Request No. 16

All documents relating to any real estate business other than the GMACRE Real Estate Business owned or operated by You, jointly or severally, at any time since 1998.

Response No. 16

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not

304144.1                                    6

reasonably calculated to lead to evidence admissible at trial.

Request No. 17

All agreements of any type or subject matter whatsoever entered into by You, jointly or severally, relating to the provision of real estate services for an entity other than the GMACRE Real Estate Business, for the period from 1998 through the present.

Response No. 17

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial.

Request No. 18

All documents which evidence, refer, or relate to the closing of Your GMACRE Real Estate Business.

Response No. 18

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial.

Request No. 19

All documents which evidence, refer, or relate to any and all reports, including, but not limited to, fee reports and residential commission income reports, You have submitted to GMACRE since 1998.

Response No. 19

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 20

All documents evidencing, referring, or relating to referrals You made or received through the GMACRE network.

Response No. 20

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 21

All documents relating to any requests by You for training and education, and all training and education provided to You by GMACRE.

Response No. 21

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 22

All Uniform Franchise Offering Circulars You have received from GMACRE.

Response No. 22

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 23

All documents which support, evidence, refer, or relate to Your allegation in paragraph 19 of Your Answer that You did not abandon Your relationship with GMACRE.

Response No. 23

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 24

All documents which support, evidence, refer, or relate to Your allegation in paragraph 12 of Your Answer that there were not significant discrepancies between the income set forth in Your tax returns and sales figures which You reported to GMACRE.

Response No. 24

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 25

All documents which support, evidence, refer, or relate to Your allegation in paragraph 14 of Your Answer that the audit report did not reveal that You failed to report $1,013,033.00 in residential commission income to GMACRE between 1999 and 2001.

Response No. 25

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such

objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

<u>Request No. 26</u>

All documents which support, evidence, refer, or relate to Your allegation in paragraphs 3 of Your Counterclaim that under the Service Contract, GMACRE was to provide certain services, including, but not limited to, the use of certain "Marks" in the promotion and sale of residential real estate, as well as advertising and other programs designed to enhance and promote Your real estate brokerage business.

<u>Response No. 26</u>

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

<u>Request No. 27</u>

All documents which support, evidence, refer, or relate to Your allegation in paragraph 5 of Your Counterclaim that at various times from May 2000 through December 2004, GMACRE failed to perform the services mandated by the terms of the agreement, and that said failure constituted a breach of the terms and obligations of the agreement.

<u>Response No. 27</u>

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 28

All documents which support, evidence, refer, or relate to Your Counterclaim that GMACRE breached the Service Contract.

Response No. 28

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 29

All documents which support, evidence, refer, or relate to any of the damages You claim to have incurred as a result of any of the matters alleged in Your Answer and Counterclaim.

Response No. 29

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 30

All documents which support, evidence, refer, or relate to any attempts by You to mitigate any damages allegedly suffered by You as a result of any of the matters described in Your Answer and Counterclaim.

Response No. 30

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such

objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 31

Your corporate minutes from 1998 to the present.

Response No. 31

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 32

Business plans for Costello.

Response No. 32

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 33

All documents which evidence, refer, or relate to the formation of Costello.

Response No. 33

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 34

All documents which evidence, refer, or relate to any communications between You and Your accountant regarding any of the matters set forth in GMACRE's Complaint or Your Answer and Counterclaim.

Response No. 34

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 35

Any and all documents received from, prepared by, or sent by You to any expert, including without limitation any reports, memoranda, data, and calculations, as well as the most recent curriculum vitae of any such witness(es).

Response No. 35

The defendant agrees to make any such documents not protected by privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 36

All documents identified in Your Rule 26(a)(1) disclosures.

Response No. 36

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 37

All documents which evidence, refer, or relate to any loans made by You to Your officers, including, but not limited to, documents evidencing, referring, or relating to the repayment of officer loans to You.

Response No. 37

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such

objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 38

All documents which evidence, refer, or relate to Your BankBoston customer receipts from 1998 through the present.

Response No. 38

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome.  The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 39

All documents which evidence, refer, or relate to Your Fleet Bank transaction receipts from 1998 through the present.

Response No. 39

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome.  The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 40

All Monthly Transaction Reports for Your Real Estate Business from 1998 through the present.

Response No. 40

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 41

All documents which evidence, refer, or relate to Your Itemized Categories Reports from 1998 through the present.

Response No. 41

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 42

All documents which evidence, refer, or relate to Your bank statements from 1998 through the present, including, but not limited to, Your BankBoston Statement of Accounts.

Response No. 42

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome. The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

Request No. 43

All documents which evidence, refer, or relate to QuickBooks detail for Your Real Estate Business from 1998 through the present.

Response No. 43

The defendant objects to the plaintiff's request as it is overly broad, vague, and unduly burdensome.  The defendant further objects as the instant request calls for documents not reasonably calculated to lead to evidence admissible at trial. Without waiving any such objection, the defendant agrees to make all such documents which are not protected by any privilege available for copying and inspection to the defendant at a mutually convenient time and place.

<div style="margin-left:50%;">

Respectfully submitted,
The Defendant,
Costello Realty, Inc.
By its Attorney,


Edward J. McCormick, III
1000 Franklin Village Drive
Franklin, MA 02038
(508) 520-2200
BBO# 329780

</div>

<u>CERTIFICATE OF SERVICE</u>

I, Edward J. McCormick, III, hereby certify that on this 3rd day of February, 2006, I served a copy of the aforementioned document, via federal express, upon the following counsel of record:

Michael D. Vhay, Esq.
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2613

John A. Hughes, Esq.
Norman M. Leon, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601

                                        _____
                                        Edward J. McCormick, III