## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

**GMAC REAL ESTATE, LLC,**

      Plaintiff,

  v.

**COSTELLO REALTY, INC.,**

      Defendant.

**Civil Action No. 1:05-cv-30073-JLT**

## GMAC REAL ESTATE, LLC'S FIRST AMENDED COMPLAINT

Plaintiff, GMAC Real Estate, LLC ("GMACRE"), by its attorneys, as and for its First Amended Complaint against Defendant, Costello Realty, Inc., alleges as follows:

### Parties and Jurisdiction

1.  GMACRE is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business in the State of Illinois.  GMACRE is engaged in the business of granting to others ("franchisees") the right to operate residential real estate brokerage offices using various trade and service marks, including the mark "GMAC® Real Estate" (the "GMAC Marks").

2.  Upon information and belief, Costello Realty, Inc. ("Costello") is a limited liability company organized and existing under the laws of the State of Massachusetts having its principal place of business in Massachusetts.  Costello is a former franchisee of GMACRE.

3.  This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

~CHGO1:30418377.v1

4.    Venue is proper in this Court under 28 U.S.C. § 1391(a)(1), in that Costello resides in this judicial district. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

### The Parties' Written Service Contract

5.    On or about April 24, 2000, Costello entered into a written GMAC Home Services, Inc. Real Estate Service Affiliate Contract (the "Service Contract") with GMAC Home Services, Inc. ("GMACHS") pursuant to which GMACHS granted Costello a franchise to operate a residential real estate office in Massachusetts. Under the Service Contract, Costello received, among other things, a limited license to use the Better Homes and Gardens trademarks and services marks (the "BH&G Marks"). A true and correct copy of the Service Contract is annexed hereto as Exhibit A and incorporated herein by reference.

6.    GMACHS assigned to GMACRE, and GMACRE assumed from GMACHS, GMACHS' rights and obligations under the Service Contract.

7.    On or about April 24, 2000, Costello entered into a Contract Amendment with GMACRE. Pursuant to the Contract Amendment, Costello agreed to transition from the BH&G Marks to the GMAC Marks. The Contract Amendment also extended the term of the Service Contract through September 1, 2005. A true and correct copy of the Contract Amendment is annexed hereto as Exhibit B.

8.    Under the Service Contract, Costello agreed, among other things, to pay GMACRE certain fees, including Transaction Fees and Advertising Fees. The Transaction and Advertising Fees, which are due and payable on a monthly basis, are computed as a percentage

of the commission and fees income Costello generated from the sale of residential real property. Costello also agreed to pay GMACRE an annual Referral Office Fee.

9.    Under Paragraph 12 of the Service Contract, Costello agreed to permit a GMACRE representative "to inspect and audit [Costello's] accounting records and books." Costello agreed that if the audit revealed a shortage of three percent (3%) or more in residential income reported, Costello would pay GMACRE, in addition to any amounts due and applicable late fees, the travel costs and expenses of the auditors involved in the audit.

10.    Costello further agreed that in the event collection action was necessary to recover monies due GMACRE, Costello would pay interest and GMACRE's costs of collection, including attorneys' fees and court costs.

### Costello's Underreporting Of Residential Income and Other Breaches

11.    In January of 2003, GMACRE attempted to perform an audit of Costello's books and records. Costello advised the auditor that it had destroyed all records after it filed its tax return and that, as a result, nothing was available to audit.

12.    There were significant discrepancies between the income set forth in Costello's tax returns and the sales figures which Costello had reported to GMACRE.

13.    At GMACRE's request, Costello put the auditor in contact with Costello's accountant, who supplied various documentation and information. GMACRE then audited Costello's books and records.

14.    The audit report revealed that between 1999 and 2001, Costello failed to report $1,013,033.00 in residential commission income to GMACRE.

15.    Based on this underreporting, GMACRE invoiced Costello $75,295.95, which represents the Transaction Fees, Advertising Fees and late charges due on the $1,013,333.00 in residential commission income which Costello failed to report to GMACRE, and the audit fee which GMACRE incurred discovering Costello's underreporting.

16.    Costello failed and refused to pay GMACRE the fees due as a result of its underreporting.

17.    Accordingly, on August 28, 2003, GMACRE advised Costello that it was in breach of its obligations under the Service Contract. The letter further advised Costello that it was required to pay the amounts due within 30 days of the date of the letter.

18.    Costello did not pay GMACRE any portion of the $75,295.95.

19.    Rather than cure its breaches, in September of 2004, Costello ceased paying any fees to GMACRE and ceased reporting its monthly residential commission income. Furthermore, upon information and belief, Costello abandoned its GMACRE franchise.

20.    On December 14, 2004, GMACRE sent Costello a Notice of Termination advising it that the Service Contract was terminated effective immediately as a result of Costello's failure and refusal to cure its breaches. The December 14th Notice reminded Costello of its post-termination obligations under the Service Contract, including its obligation to cease all use of the GMAC Marks. The December 14th Notice also advised Costello that it owed GMACRE $142,027.34, consisting of, among other things, unpaid Transaction and Advertising Fees (for the period during which Costello ceased submitting monthly reports) and the fees which the audit revealed had not been paid.

21.    Costello has failed and refused to pay these amounts to GMACRE.  The sum of at least $142,027.34 remains due and owing to GMACRE.

22.    Under the Service Contract, Costello agreed to reimburse GMACRE for all of the costs it incurred, including reasonable attorneys' fees, in enforcing Costello's post-termination payment obligations.

23.    GMACRE has fully performed its obligations under the Service Contract.

## COUNT I

### (Breach of Contract)

24.    GMACRE realleges and incorporates by reference paragraphs 1 through 23 of its First Amended Complaint, inclusive, as and for this Paragraph 24, as if fully set forth herein.

25.    Costello has breached the Service Contract by, among other things, failing and refusing to pay Transaction Fees, Advertising Fees and other fees to GMACRE.

26.    As a direct and proximate result of Costello's breaches of the Service Contract, GMACRE has suffered damages in an amount in excess of $142,027.34, including, among other things, unpaid Transaction, Advertising and Referral Fees, loss of goodwill and damage to reputation and the loss of the Transaction and Advertising Fees GMACRE would have earned for the remainder of the term of the Service Contract but for Costello's breaches thereof.

## COUNT II

### (Unfair and Deceptive Business Practices under M.G.L. c. 93A, § 11)

27.    GMACRE realleges and incorporates by reference paragraphs 1 through 26 of its First Amended Complaint, inclusive, as and for this Paragraph 27, as if fully set forth herein.

28.    GMACRE and Costello are engaged in conduct of trade or commerce within the meaning of M.G.L. c. 93A.

29.    Costello's false representations concerning its residential commission income as described above constitute unfair and deceptive conduct.

30.    Costello made its false representations to GMACRE substantially within the Commonwealth of Massachusetts.

31.    Costello's false representations resulted in deliberate underpayments by Costello to GMACRE under the Service Contract.

32.    By reason of aforesaid actions, GMACRE has been seriously damaged.

33.    Costello's actions, as alleged herein, were willful and intentional.

34.    GMACRE is entitled, pursuant to M.G.L. c. 93A, § 11, to recover its damages, together with double or treble damages, reasonable attorneys' fees, and costs incurred in bringing this action.

**WHEREFORE**, GMAC Real Estate, LLC requests that judgment be entered in its favor and against defendant Costello Realty, Inc., as follows:

a.    for a sum to be determined at trial, but in excess of $142,027.34, plus interest, attorneys' fees and costs; and

b.    for such other and further relief as this Court deems just and equitable.

GMAC REAL ESTATE, LLC,

By its attorneys,


_____ /s/ Michael D. Vhay_____
Michael D. Vhay (BBO #566444)
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st floor
100 Oliver Street
Boston, MA 02110-2613
Phone: 617-406-6000
Fax: 617-406-6100

Norman M. Leon
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone: 312-368-4000
Fax: 312-236-7516

Dated: May 2, 2006