UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 1:05-CV-30073-JLT

```
_____
GMAC REAL ESTATE, LLC,           )
              Plaintiff,         )
                                 )      Answer to Amended Complaint
v.                               )      and Counterclaim
                                 )
COSTELLO REALTY, INC.,           )      Defendant Demands Trial By Jury
              Defendant.         )
_____      )
```

1. The defendant admits so much of paragraph one of the Amended Complaint that alleges that "GMACRE is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business in the State of Illinois," but denies all remaining allegations;

2. The defendant admits so much of paragraph two of the Amended Complaint that it is a corporation duly organized in accordance with the laws of the Commonwealth of Massachusetts and that it has a principal place of business in Massachusetts, but denies all remaining allegations;

3. The defendant admits the allegations contained in paragraph three of the Amended Complaint;

4. The defendant admits the allegations contained in paragraph four of the Amended Complaint;

5. The defendant denies the allegations contained in paragraph five of the Amended Complaint, and as no Exhibit A has been received as attached to the Amended Complaint, it is without sufficient knowledge to admit or deny the allegations that Exhibit A is a true copy of the Service Contract and therefore denies such allegation;

6. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph six of the Amended Complaint, and therefore denies all such allegations;

7. The defendant denies the allegations contained in paragraph seven of the Amended Complaint;

8. The defendant denies the allegations contained in paragraph eight of the Amended Complaint;

9. The defendant denies the allegations contained in paragraph nine of the Amended Complaint;

10. The defendant denies the allegations contained in paragraph ten of the Amended Complaint;

11. The defendant denies the allegations contained in paragraph eleven of the Amended Complaint;

12. The defendant denies the allegations contained in paragraph twelve of the Amended Complaint;

13. The defendant denies the allegations contained in paragraph thirteen of the Amended Complaint;

14. The defendant denies the allegations contained in paragraph fourteen of the Amended Complaint;

15. The defendant denies the allegations contained in paragraph fifteen of the Amended Complaint;

16. The defendant admits it refused to pay GMACRE sums it claims were owed, but denies the remaining allegations;

17. The defendant admits the allegations contained in paragraph seventeen of the Amended Complaint;

18. The defendant admits the allegations contained in paragraph eighteen of the Amended Complaint;

19. The defendant denies the allegations contained in paragraph nineteen of the Amended Complaint;

20. The defendant denies the allegations contained in paragraph twenty of the Amended Complaint;

21. The defendant denies the allegations contained in paragraph twenty-one of the Amended Complaint;

22. The defendant denies the allegations contained in paragraph twenty-two of the Amended Complaint;

23. The defendant denies the allegations contained in paragraph twenty-three of the Amended Complaint;

24. The defendant repeats its answers to the allegations contained in paragraphs one through twenty-three of the Amended Complaint;

25. The defendant denies the allegations contained in paragraph twenty-five of the Amended Complaint;

26. The defendant denies the allegations contained in paragraph twenty-six of the Amended Complaint;

27. The defendant repeats its answers to the allegations contained in paragraphs one through twenty-six of the Amended Complaint;

28. The defendant denies the allegations contained in paragraph twenty-eight of the Amended Complaint;

29. The defendant denies the allegations contained in paragraph twenty-nine of the Amended Complaint;

30. The defendant denies the allegations contained in paragraph thirty of the Amended Complaint;

31. The defendant denies the allegations contained in paragraph thirty-one of the Amended Complaint;

32. The defendant denies the allegations contained in paragraph thirty-two of the Amended Complaint;

33. The defendant denies the allegations contained in paragraph thirty-three of the Amended Complaint;

34. The defendant denies the allegations contained in paragraph thirty-four of the Amended Complaint.

First Affirmative Defense

The instant complaint fails to state a cause of action upon which relief can be granted and therefore must be discussed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Second Affirmative Defense

The plaintiff is barred from any recovery under General Laws Chapter 93A, as it has failed to comply with all statutory requirements necessary to bring such an action.

<u>Counterclaim</u>

1. The Plaintiff-in-Counterclaim is <u>Costello Realty, Inc.</u>, which has a principal place of business in Franklin, Norfolk County, Commonwealth of Massachusetts and is a corporation duly organized in accordance with the laws of the Commonwealth of Massachusetts.

2. The Defendant-in-Counterclaim is GMAC Real Estate, LLC is a limited liability company organized and existing under the laws of the State of Delaware having a principal place of business in the State of Illinois.

3. That on or about April 24, 2000 the parties entered into an agreement by which the Defendant was to provide certain services, including but not limited to, the use of certain "Marks," including the "Mark," Better Homes and Gardens in the promotion and sale of residential real estate, as well as advertising and other programs designed to enhance and promote the real estate brokerage business of Costello Realty, Inc.

4. In exchange for the services described in paragraph three of the Counterclaim Costello Realty, Inc., was obligated to pay GMAC a transaction fee.

5. At various times and dates from May, 2000 to December, 2004, the Defendant-in-Counterclaim GMAC failed to perform the services mandated by the terms of the agreement, and said failure constituted a breach of the terms and obligations of the agreement.

6. That as a direct result of the breach of the agreement by GMAC, Costello Realty, Inc. sustained damages, including, but not limited to, loss of sales, loss of business opportunity and damage to its reputation in the business community.

Wherefore, the Plaintiff-in-Counterclaim Costello Realty, Inc. demand judgment against the Defend-in-Counterclaim GMAC, in any amount as the evidence may prove at trial plus interest, costs and attorneys fees.

Respectfully Submitted,
Costello Realty, Inc.,
By Its Attorney,

  /s/ Edward J. McCormick, III
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780

CERTIFICATE OF SERVICE

      I, Edward J. McCormick, III, hereby certify that on this 2nd day of May, 2006, I served a true copy of the Answer to Amended Complaint and Counterclaim, via first class mail, postage prepaid, upon the following counsel of record:

Michael D. Vhay, Esq.
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613

   /s/ Edward J. McCormick, III
   Edward J. McCormick, III