UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC REAL ESTATE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COSTELLO REALTY, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:05-CV-30073-JLT |

**PLAINTIFF GMAC REAL ESTATE, LLC'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S AMENDED COUNTERCLAIM**

Plaintiff, GMAC Real Estate, LLC ("GMACRE"), by its attorneys, as and for its Reply and Affirmative Defenses to the Amended Counterclaim of Defendant, Costello Realty, Inc. ("Costello"), states as follows:

1. GMACRE lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 1 of the Amended Counterclaim, and therefore denies those allegations.

2. GMACRE admits the allegations of Paragraph 2 of the Amended Counterclaim.

3. GMACRE denies the allegations of Paragraph 3 of the Amended Counterclaim, except admits (i) that on or about April 24, 2000, Costello entered into a written GMAC Home Services, Inc. Real Estate Service Affiliate Contract (the "Service Contract") with GMAC Home Services, Inc. ("GMACHS") pursuant to which GMACHS granted Costello a franchise to operate a residential real estate office in Massachusetts, and (ii) that under the Service Contract, Costello received, among other things, a limited license to use the Better Homes and Gardens trademarks and services marks (the "BH&G Marks"). Replying further, GMACRE states that

the Service Contract is the best evidence of its terms, and denies and any all allegations and conclusions inconsistent therewith.

4.  GMACRE denies the allegations of Paragraph 4 of the Amended Counterclaim, states that the Service Contract is the best evidence of its terms, and denies and any all allegations and conclusions inconsistent therewith.

5.  GMACRE denies the allegations of Paragraph 5 of the Amended Counterclaim.

6.  GMACRE denies the allegations of Paragraph 6 of the Amended Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Costello's claims are barred, in whole or in part, by its own material breaches of the Service Contract.

### Third Affirmative Defense

Costello's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

Costello's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

GMACRE expressly reserves the right to assert additional affirmative defenses as such additional affirmative defenses become known to it through continued investigation, discovery or otherwise.

**WHEREFORE,** GMACRE demands judgment in its favor and against Costello on each claim asserted in the Amended Counterclaim, together with an award of its costs and expenses, including attorneys' fees, incurred herein.

**GMAC REAL ESTATE, LLC**

/s/ Michael D. Vhay
Michael D. Vhay (BBO #566444)
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, MA  02110-2600
(617) 406-6000 (telephone)
(617) 406-6100 (fax)

Dated: May 15, 2006