UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GMAC REAL ESTATE, LLC,

Plaintiff,

v.

COSTELLO REALTY, INC.,

Defendant.

Civil Action No. 1:05-cv-30073-JLT

## GMAC REAL ESTATE, LLC'S MOTION FOR PROTECTIVE ORDER

Plaintiff, GMAC Real Estate, LLC ("GMACRE"), by its attorneys, moves this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a Protective Order as to Defendant's May 17, 2006 Notice of Deposition. As set forth more fully below, a Protective Order should issue (i) because Defendant has refused to specify with reasonably particularity the identity of the person(s) it seeks to depose under Rule 30(b)(6), and (ii) because Defendant has purported to notice the depositions of GMACRE's corporate representatives in Franklin, Massachusetts, rather than Illinois, the district in which GMACRE's principal place of business is located.[1]

## RELEVANT BACKGROUND FACTS

The factual background relevant to this motion is generally set forth in the memorandum which GMACRE filed in support of its Motion to Compel Discovery Responses [Docket

---

[1]     As this Court may recall, GMACRE did **not** file suit in this District. GMACRE filed suit in the Northern District of Illinois. After Defendant moved to dismiss for lack of jurisdiction, the Honorable Ruben Castillo transferred this matter to the District of Massachusetts. [*See* Docket No. 13.]

No. 30], to which this Court's attention is respectfully referred.  Additional facts specifically relating to the issue presented here are as follows:

**A.    Defendant's Notice of Deposition**

By Order dated April 13, 2006, this Court ruled that Defendant could depose "(1) Plaintiff GMAC Real Estate, LLC, pursuant to Rule 30(b)(6)."  The Order made clear that this deposition had to be completed by June 14, 2006.

On May 17, 2006, Defendant faxed to GMACRE's counsel a Notice of Deposition.  (A true and correct copy of the Notice is annexed hereto as Exhibit A.)  In its Notice, Defendant asked GMACRE to produce the "person or persons . . . having the most knowledge of" the following matters:

1.    All payments made by Costello Realty, Inc. to GMAC Real Estate, LLC;

2.    The manner and means by which GMAC Real Estate, LLC has calculated the amount it claims is owed by Costello Realty, Inc.; and

3.    The services that were to be provided to Costello Realty, Inc. by GMAC Real Estate, LLC by the terms of the contract which forms the basis of the plaintiff's Complaint.

According to the Notice, the persons responsive to these requests are to be produced at the office of Defendant's counsel in Franklin, Massachusetts, on June 1, 2006.

**B.    GMACRE's Letter To Defendant's Counsel**

Shortly after it received the Notice, on May 22, 2006, GMACRE's counsel sent a letter to Defendant's counsel to address various issues associated with the Notice.  (A true and correct copy of this letter is annexed hereto as Exhibit B.)  Among other things, GMACRE asked Defendant to clarify what information it was looking for with respect to the third topic of Defendant's Notice, which, as drafted, is extremely broad.  GMACRE explained that to the

2

extent Defendant was seeking to inquire about services which it claims it was entitled to, but did not receive, GMACRE would produce representatives responsive to that request. However, as GMACRE's counsel noted, there was no need for Defendant to inquire about services which Defendant admittedly did receive. Accordingly, so as to enable it to determine which representative(s) to produce for deposition, GMACRE asked Defendant to specify (i) what services it claimed GMACRE failed to provide, (ii) the corresponding provision of the Real Estate Service Contract, and (iii) when the alleged failure(s) occurred.[2]

Additionally, GMACRE advised Defendant that the site for the proposed depositions was improper. The Notice purports to require GMACRE to produce these various corporate representatives for deposition in Franklin, Massachusetts. As GMACRE's counsel noted in its letter, absent extraordinary circumstances, the deposition of a corporation by its agents must take place at the corporation's principal place of business – which in this case is Illinois.[3]

## C.    Defendant's Refusal to Clarify Its Notice Or Take the Depositions in Chicago

On May 24, 2006, Defendant responded to the May 22, 2006 letter from GMACRE's counsel. (A true and correct copy of this letter is annexed hereto as Exhibit C.) Rejecting GMACRE's request for clarification, Defendant asserted that he in fact wanted GMACRE to produce its most knowledge representatives regarding "all services set forth by the entire

---

[2]      Defendant signed its Real Estate Service Contract in 1999 and abandoned its relationship with GMACRE in 2004. Defendant's Counterclaim does not allege when GMACRE's alleged breaches occurred. The most which GMACRE can glean from the Counterclaim is that the alleged breaches occurred "[a]t various times and dates from May, 2000 to December, 2004" – a period than spans over 4½ years. (Counterclaim ¶ 5.)

[3]      GMACRE advised Defendant that it was prepared to produce its Rule 30(b)(6) representative(s) for deposition on the date that Defendant unilaterally selected (June 1) in Chicago, Illinois.

3

contract." Defendant specifically noted that this topic "includes all services set forth by the contract whether or not such services were received by [Defendant]" Nowhere did Defendant attempt to explain why it needed to take discovery regarding services it admittedly received.

Defendant also rejected GMACRE's attempt to resolve the location of the deposition. Claiming that the fact that GMACRE supposedly did business in the Commonwealth supported deviating from the general rule as to the location of Rule 30(b)(6) depositions, Defendant stated that it has no intention of withdrawing its Notice or modifying the location of the deposition.[4]

This motion followed.

## **ARGUMENT**

### I.    **Defendant's Notice Is Overly Broad, Unduly Burdensome, And Seeks Irrelevant Information**

Rule 30(b)(6) of the Federal Rules of Civil Procedure makes clear that any notice directed to a corporation must "describe with reasonable particularity the matters on which examination is requested." Defendant's notice falls far short of this standard.

As noted above, Defendant's notice purports to require GMACRE to produce the persons having the most knowledge about every service GMACRE was required to provide under the parties' Real Estate Service Contract – even if those services were admittedly performed – for the entire time period during which Defendant was a franchisee. Suffice to say, that is an overbroad, harassing, and unnecessary request. If Defendant believes that GMACRE failed to provide "services mandated by the terms of the agreement" – and that is exactly what it alleges

---

[4]    In his letter, Defendant's counsel asserts that he discussed "the fact that the deposition would take place in Massachusetts" with GMACRE's counsel and "at no time was this an issue." The undersigned counsel recalls no such discussion, nor did he assent in any manner to having the deposition conducted in Massachusetts.

in its Counterclaim (*see* Counterclaim at ¶5) – it should, at minimum, be able to identify (i) which services GMACRE allegedly failed to provide, and (ii) when those alleged failures occurred. Without this basic information, there is simply no way for GMACRE to determine which representative(s) to produce in response to Defendant's deposition notice.

Because its notice is overbroad and harassing, and because Defendant has without justification refused to clarify its notice, a protective order should issue barring Defendant from seeking to depose any corporate representatives responsive to Item 3 in Schedule A to its notice. In the alternative, Defendant should be ordered to specify (i) what services it claimed GMACRE failed to provide, (ii) the corresponding provision of the Real Estate Service Contract, and (iii) when each alleged failure occurred.

**II.    GMACRE Should Not Be Required To Produce Its Corporate Representatives For Deposition in Massachusetts**

   **A.    Because GMACRE Does Not Reside In This District, Its Corporate Representatives Should Not Be Compelled To Appear For Deposition In Franklin**

In addition to being overly and impermissibly broad, Defendant's notice improperly seeks to require GMACRE to produce various corporate representatives who work in Illinois for deposition in Massachusetts. "It is well settled that 'the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." 8 Wright & Miller, *Federal Practice & Procedure* §2112 (collecting cases); *accord Thomas v. International Business Mach.*, 48 F.3d 478, 483 (10th Cir. 1995); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Chris-Craft Indus. Products, Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999); 4 Moore, *Moore's Federal Practice* ¶26.22 [1.-4] (1995). "When a corporation objects to a deposition being taken at a place other than its principal place of business, 'the objection should be sustained unless there are unusual circumstances which justify such an inconvenience

~BOST1:420349.v1

to the corporation.'" *Chris-Craft*, 184 F.R.D. at 607 (quoting *Sears v. American Entertainment Group, Inc.*, No. 94 C 165, 1995 WL 66411, at *1 (N.D. Ill. Feb. 13, 1995)). In fact, attempting to require a corporate representative to appear in a forum other than its principal place of business constitutes "good cause" under Fed. R. Civ. P. 26(c), and warrants the issuance of a protective order. *Tailift USA, Inc. v. Tailift Co., Ltd.*, 2004 WL 722244, at *1 (N.D. Tex. March 26, 2004); *accord Chris-Craft*, 184 F.R.D. at 607 ("where a deposition is noticed to be taken at a location other than the corporation's principal place of business, '[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.'") (quoting *Sears v. American Entertainment Group, Inc.*, 1995 WL 66411, at *1).

GMACRE's principal place of business is in Illinois. Its deposition, as a result, must be taken in Illinois. There is no basis for departing from this settled principle.[5] To the contrary, the facts of this case only underscore the need for a protective order. First, GMACRE did not commence suit in this District. When Defendant refused to pay GMACRE royalties on the transactions it fraudulently concealed from GMACRE, GMACRE filed suit against Defendant **in the Northern District of Illinois**. [See Docket No. 1.] The case was transferred to Massachusetts in response to Defendant's assertion that the Real Estate Service Contract was negotiated and performed in Massachusetts and that Defendant was not amenable to suit in Illinois. [*See* Docket No. 8.]

---

[5]     Defendant claims that GMACRE should have to come to Massachusetts for deposition because it did business in this Commonwealth. If that were the standard, a corporation would need to produce its corporate representatives in every State in which it was subject to personal jurisdiction, and the principle set forth above would cease to exist.

6

Second, Defendant's notice is extremely overbroad. Complying with that Notice, as it is currently drafted, could require numerous representatives to travel from Illinois to Massachusetts. This would entail not only a waste of time and resources (certain representatives may only appear for very limited issues), but would be extremely costly and burdensome. If the depositions went forward in Illinois, only one person – Defendant's counsel – would need to travel.[6]

For all these reasons, this Court should issue a protective order barring Defendant from noticing the depositions of any corporate representatives anywhere other than in Illinois.

**B.    In the Alternative, Defendant Should Be Forced To Bear The Costs Associated With Producing Corporate Representatives For Deposition in Massachusetts.**

In the alternative, Defendant should be ordered to bear the costs associated with having the depositions held in Massachusetts. As noted above, in light of the breadth of Defendant's notice, GMACRE may be required to produce several corporate representatives for deposition. Each of those representatives will not only need to fly to and from Massachusetts (GMACRE has no employees in Massachusetts), but will have to stay overnight. To the extent this Court orders GMACRE to produce its representatives for deposition in Massachusetts, Defendant should be ordered to pay the travel costs and the lodging costs of each of GMACRE's representatives.

---

[6]    GMACRE's co-counsel in this matter is located in Illinois. Accordingly, GMACRE would not have to fly its counsel to Illinois for the depositions.

~BOST1:420349.v1

## CONCLUSION

For the foregoing reasons, GMACRE's motion for protective order should be granted.

GMAC REAL ESTATE, LLC,
By its attorneys,

/s/ Michael D. Vhay
Michael D. Vhay (BBO #566444)
DLA Piper Rudnick Gray Cary US LLP
33 Arch Street, 26th floor
Boston, MA 02110-1447
Phone: 617-406-6000
Fax: 617-406-6100

Norman M. Leon
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone: 312-368-4000
Fax: 312-236-7516

Dated: May 25, 2006

## LOCAL RULE 37.1(B) CERTIFICATION

The undersigned certifies that he conferred in good faith by telephone at 3:20 p.m. on May 25, 2006 with Edward J. McCormick III, counsel for Defendant, as to all of the matters set forth in this motion. The parties did not reach agreement on any of the issues set forth herein.

/s/ Michael D. Vhay
Michael D. Vhay

~BOST1:420349.v1

# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.: 1:05-CV-30073-JLT

|  |  |
|---|---|
| GMAC REAL ESTATE, LLC, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| COSTELLO REALTY, INC., | ) |
| Defendant. | ) |

## NOTICE OF DEPOSITION

To:    Michael D. Vhay, Esq.
       DLA Piper Rudnick Gray Cary US LLP
       33 Arch Street, 26th Floor
       Boston, MA  02110-1447

Please take notice that at 10:00 a.m. on Thursday, June 1, 2006, at the offices of

Edward J. McCormick, III, Esquire, McCormick & Maitland, Suite Six – Hayward Manor, 195

Main Street, Franklin, MA 02038, the defendant, Costello Realty, Inc., by its attorney, will take

the deposition upon oral examination of a person or persons to be designated by GMAC Real

Estate, LLC as having the most knowledge of the matters enumerated on the attached Schedule

"A" pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before a Notary Public in

and for the Commonwealth of Massachusetts, or before some other officer authorized by law to

administer oaths.

The oral examination will continue from day to day until completed.  You are invited to

attend and cross-examine.

McCormick
& Maitland
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE: 508-520-0333
FACSIMILE: 508-520-0383

Respectfully submitted,

Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO# 329780

Dated: May 17, 2006

cc:     Diane McElwee, Registered Merit Reporter

McCormick
& Maitland
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE: 508-520-0333
FACSIMILE: 508-520-0383

## SCHEDULE A

1.    All payments made by Costello Realty, Inc. to GMAC Real Estate, LLC;

2.    The manner and means by which GMAC Real Estate, LLC has calculated the amount it claims is owed by Costello Realty, Inc.; and

3.    The services that were to be provided to Costello Realty, Inc. by GMAC Real Estate, LLC by the terms of the contract which forms the basis of the plaintiff's Complaint.

𝕸𝖈𝕮𝖔𝖗𝖒𝖎𝖈𝖐
& 𝕸𝖆𝖎𝖙𝖑𝖆𝖓𝖉
ATTORNEYS AT LAW
SUITE SIX
HAYWARD MANOR
195 MAIN STREET
FRANKLIN,
MASSACHUSETTS 02038
TELEPHONE: 508-520-0333
FACSIMILE: 508-520-0383

**<u>EXHIBIT B</u>**



**PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1263
www.dlapiper.com

Norman M. Leon
norman.leon@dlapiper.com
T  312.368.2192
F  312.630.6322

May 22, 2006

*VIA FACSIMILE AND FIRST CLASS MAIL*

Edward J. McCormick, III, Esq.
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, Massachusetts  02038

**Re:     GMAC Real Estate v. Costello Realty, Inc., Case No. 05-CV-30073**

Dear Mr. McCormick:

I am co-counsel for GMAC Real Estate, LLC ("GMACRE") in the above-referenced matter.  I write with regard to Notice of Deposition that your office faxed to my partner, Michael Vhay, last Friday.

Initially, your Notice asks GMACRE to produce certain corporate representatives for deposition at your office, in Franklin, Massachusetts.  While I have some concerns regarding the scope of your Notice (which are addressed below), I first wanted to address the location of any deposition.  As you know, it is well settled that "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."  8 Wright & Miller, Federal Practice & Procedure § 2112 (collecting cases).  GMACRE's principal place of business is in Oak Brook, Illinois, and based on our initial investigation, it appears that the corporate representative(s) responsive to your Notice work in GMACRE's Oak Brook office.  Furthermore, as you will recall, GMACRE did not commence suit against your client in Massachusetts.  GMACRE filed suit in Illinois.  The suit was transferred to Massachusetts on your motion.

Please let me know if you are willing to withdraw your Notice, or if a motion for protective order will be necessary.  To the extent you are willing to voluntarily proceed with your depositions in Illinois, those depositions should be able to go forward on the date you requested (June 1).

As to the scope of your Notice, we will need some clarification as to Item 3 on Schedule A. Currently, Item 3 asks GMACRE to produce the persons most knowledgeable about all of the "services that were to be provided to Costello Realty, Inc. by GMAC Real Estate, LLC by the terms of the contract which forms the basis of the plaintiff's Complaint."  This request is both overly broad and irrelevant.  To the extent you seek to inquire about services which you claim your client was entitled to but did not receive, GMACRE shall endeavor to produce representatives in response to that request.  Clearly, you do not need take discovery regarding services which your client *did* receive.

So that we can determine which representative(s) to produce, please specify: (i) what services (if any) you claim your client did not receive; (ii) the corresponding provision of the Real Estate

**Serving clients globally**



**PIPER RUDNICK**
**GRAY CARY**

Edward McCormick, III, Esq.
May 22, 2006
Page Two

Service Contract; and (iii) when these alleged failures occurred.  Absent  this information, we will not be able to determine which representative(s) to produce in response to your Notice.

Thank you for your attention to these matters.  Should you have any questions, please feel free to call me or Mr. Vhay.

Sincerely,

**DLA Piper Rudnick Gray Cary US LLP**

Norman M. Leon
Attorney

Admitted to practice in Illinois and New York

CHGO1\30799246.1
229094-22

# **EXHIBIT C**

# McCormick & Maitland
### ATTORNEYS AT LAW

EDWARD J. MCCORMICK, III
ELIZABETH J. MAITLAND

SUITE SIX · HAYWARD MANOR
195 MAIN STREET
FRANKLIN, MASSACHUSETTS 02038

SIOBHAN O. CONLON

TELEPHONE (508) 520-0333
FACSIMILE  (508) 520-0383

May 24, 2006

*Via Facsimile (312) 630-6322*
*and First-Class Mail*

Norman M. Leon, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois  60601-1263

Re:    <u>GMAC Real Estate</u> v. <u>Costello Realty, Inc.</u>
       CA No.: 05-CV-30073

Dear Attorney Leon:

I am in receipt of your letter of May 22, 2006, and unfortunately must take issue with several of your remarks.

Initially, with regard to the location of the deposition, the fact that the deposition would take place in Massachusetts was discussed with Mr. Vhay and at no time was this an issue.

As for your statement that, "The suit was transferred to Massachusetts on your motion," this is inaccurate. The defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. The District Court, in allowing the defendant's motion, ordered that the case be transferred to Massachusetts.

Your client has voluntarily chosen to do business within the Commonwealth of Massachusetts and it is the defendant's position that the deposition is to take place in Massachusetts. Accordingly, the defendant has no intention of withdrawing the notice.

With regard to your request to specify the corresponding contractual provision that might relate to each service, I believe Schedule A is quite clear: all services set forth by the entire contract. Moreover, this topic includes all services set forth by the contract whether or not such services were received by Costello Realty, Inc.

*Page 2*
*Norman M. Leon, Esq.*
*May 24, 2006*

     I hope this letter answers your questions as to the defendant's position.

Yours Truly,

Edward J. McCormick, III

EJM/