UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 1:05-CV-30073-JLT

_____
GMAC REAL ESTATE, LLC,            )
                    Plaintiff,    )
                                  )    Opposition to GMAC Real Estate, LLC's
v.                                )    Motion for Protective Order
                                  )
COSTELLO REALTY, INC.,            )
                    Defendant.    )
_____  )

I.      The Deposition of GMAC Should Be Conducted in Massachusetts

Initially GMAC brought the instant action in the United States District Court for the Eastern District of Illinois.  Costello Realty's Motion to Dismiss for Lack of Personal Jurisdiction was allowed and the matter was transferred to the District of Massachusetts.  Since that time GMAC has availed itself of discovery and secured voluminous documents and summaries from Costello Realty.

On April 13, 2006, during a conference with the parties, the Court ordered that while no interrogatories would be permitted, Costello Realty may depose the plaintiff pursuant to Rule 30(b)(6).

Costello Realty, upon receipt of GMAC's affidavit, noticed the deposition.

While there exists a general presumption that depositions of a corporation should be taken at the corporation's place of business, Thomas v. International Business Machines, 48 F.3d 478 (10th Cir. 1995); Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979), it is likewise well-settled that the Court has substantial discretion to specify the time and place of any deposition.  Custom Form Manufacturing, Inc. v. Omron Corporation, 196 F.R.D. 333 (2000).  Indeed, given the Court's discretion to designate the site of a deposition, "the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other."  Bank of New York v. Meridian BIAO Bank Tanzania Ltd., 171 F.R.D.135, 155 (S.D.N.Y. 1997).

In the instant case several factors warrant a finding that the deposition of GMAC should be conducted in Massachusetts, not Illinois.  Initially, it is GMAC, not Costello Realty,

which brought the instant action.  GMAC has chosen to do business in Massachusetts, while Costello Realty has not conducted any business in Illinois.  Upon the transfer of this case to the District of Massachusetts, GMAC had a choice: proceed with the litigation or dismiss the action.  GMAC chose to proceed with the litigation in Massachusetts.  It is GMAC that chose to bring this action; it cannot, after bringing suit against a small Massachusetts business in Massachusetts, force that defendant to travel to Illinois to defend itself.

Indeed, GMAC in seeking the instant protective order, appears to overlook the general rules that when a plaintiff brings an action in a particular forum, it may be called to present itself at that place for the taking of his deposition.  de Dalmady v. Price Waterhouse & Company, 62 F.R.D. 157 (D.P.R. 1973); In re Good Hope Industries, Inc. 14 B.R. 942 (Bankr. D. Mass. 1981).

Secondly, Costello Realty has no choice but to conduct the deposition pursuant to Rule 30(b)(6).  Costello Realty seeks discovery on two issues: 1) the method and data used by GMAC in computing the amount it claims is owed; and 2) the services that were to be provided by GMAC according to the contract which forms the basis of its Complaint.

This Court, by the order of April 13, 2006, ruled that "No interrogatories are permitted." Costelly Realty is thus left with one means of discovery: the instant Rule 30(b)(6) deposition.

Costello Realty has thus been placed in the position whereby it cannot propound interrogatories, and must incur costs of a deposition in Illinois or forego any meaningful discovery in a case where it seeks to defend itself.  Clearly, such a situation is inequitable.

Thirdly, conducting this deposition in Massachusetts does not place a heavy burden upon GMAC.  GMAC has Massachusetts counsel, and must produce a witness or witnesses to address two narrow topics.  Such should not impose an undue hardship on GMAC. Conversely, Costello Realty is a small real estate business and the costs of an Illinois deposition does impose a financial burden, to the extent that should this Court allow GMAC's motion, Costello Realty may have no choice but to withdraw the deposition notice and proceed to trial with little discovery.  (See Affidavit of Paul Costello).

In view of the factors present in the instant case, this Court should deny the plaintiff's motion and order that the deposition be conducted in Massachusetts.

II.    <u>The Schedule of Topics Set Forth by the 30(b)(6) Notice of Deposition is Specific</u>

GMAC further argues that the topics set forth by Costello Realty are overbroad. Such an argument is without merit.

Costello seeks to inquire as to the manner and means by which GMAC calculated the amount it claims is owed by Costello. Presumably GMAC made such a calculation prior to bringing this action. Such an argument is groundless.

Secondly, Costello Realty seeks to inquire on the topic of GMAC's obligations to provide services pursuant to the very contract which forms the basis of its cause of action. Likewise, this request is far from overly broad or burdensome.

Accordingly, GMAC's motion should be denied.

Respectfully Submitted,
Costello Realty, Inc.,
By Its Attorney,


_/s/ Edward J. McCormick, III _
Edward J. McCormick, III
McCormick & Maitland
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 1:05-CV-30073-JLT

_____

GMAC REAL ESTATE, LLC,          )
                    Plaintiff,  )
                                )
v.                              )          Affidavit of Paul Costello
                                )
COSTELLO REALTY, INC.,          )
                    Defendant.  )
_____ )

I, Paul Costello, do hereby state that to the best of my knowledge the following is true:

1. That I am the President of Costello Realty, Inc.;

2. That the above-referenced litigation has and continues to present a financial burden on Costello Realty, Inc.;

3. That Costello Realty, Inc. is a small business with less than ten employees;

4. That I have been informed that the deposition of GMAC may have to be conducted in Illinois and have been informed of the approximate cost of this deposition;

5. That the incurrence of the cost of a deposition in Illinois presents a severe financial burden on Costello Realty, Inc. and should this Court order that the deposition take place in Illinois, Costello Realty, Inc. may be forced to forego this deposition.

Signed Under the Pains and Penalties of Perjury:

   /s/ Paul Costello                           5/30/06
Paul Costello                               Date

<u>CERTIFICATE OF SERVICE</u>

I, Edward J. McCormick, III, hereby certify that on this 30th day of May, 2006, I served a true copy of the Opposition to GMAC Real Estate, LLC's Motion for Protective Order, electronically and via first class mail, postage prepaid, upon the following counsel of record:

Michael D. Vhay, Esq.
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613

   /s/ Edward J. McCormick, III
Edward J. McCormick, III