## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GMAC REAL ESTATE, LLC,

              **Plaintiff,**

    v.

COSTELLO REALTY, INC.,

              **Defendant.**

**Civil Action No. 1:05-cv-30073-JLT**

## GMAC REAL ESTATE, LLC'S MOTION
## FOR LEAVE TO CONDUCT DISCOVERY

Plaintiff, GMAC Real Estate, LLC ("GMACRE"), by its attorneys, respectfully moves this Court for leave to conduct discovery into (i) its claims against Costello Realty, Inc. ("Costello"), and (ii) Costello's Counterclaim against GMACRE.

## RELEVANT BACKGROUND FACTS

**A.    GMACRE's Complaint and Costello's Counterclaim**

This action arises out of Costello's attempts to conceal from GMACRE the commission income it earned during the term of the parties' franchise agreement and, as a result, the fees to which GMACRE was actually entitled. GMACRE brought this action to recover those fees, as well as the damages it sustained as a result of Costello's premature and unauthorized abandonment of its franchise. GMACRE seeks in excess of $142,000 in damages.

On June 2, 2005, Costello filed its Answer and Counterclaim. In its Counterclaim, Costello alleges that GMACRE failed to perform certain unspecified obligations under the franchise agreement. The alleged breaches – which were not even mentioned by Costello before GMACRE filed suit – supposedly damaged Costello's reputation and caused Costello to incur

unspecified damages in the form of lost sales and lost business opportunities. (*See* Counterclaim at ¶ 6; Docket No. 18.)

**B.    This Court's Discovery Rulings**

On December 6, 2005, the Court held a scheduling conference. During the conference, the Court ordered Costello to produce all information regarding the transactions at issue in this matter, including the commissions which Costello earned as a result of those transactions. No further discovery was permitted.

Costello did not produce the requested information in accordance with the schedule set forth by the Court. Accordingly, on March 9, 2006, the Court entered another Order requiring Costello to produce that information. Finally, on or about April 5, 2006, Costello produced a list that purports to show every real estate transaction on which it earned a commission for the years 2001-2004. Costello has never produced, and in fact has refused to produce: (i) any of the backup documentation used to prepare this list; (ii) any of its financial statements or balance sheets; (iii) any of its tax returns; and (iv) any HUD-1s (the federally mandated "closing form" that confirms the details of all real estate transactions, including the commissions earned by all agents involved in the transactions).

On March 9, 2006, GMACRE moved to compel production of Costello's financial statements and tax returns (*see* Docket No. 29), but by Order dated April 13, 2006, the Court denied GMACRE's motion. When, during the April 13, 2006 conference, GMACRE advised the Court that it needed and had requested the HUD-1s, the Court advised GMACRE that no discovery would be permitted without leave of Court, but (i) allowed Costello to depose a

GMACRE representative, and (ii) ordered GMACRE to produce a list of all monies it received from Costello. (*See* April 13, 2006 Order.)[1]

By this motion, GMACRE requests leave to conduct discovery. As shown below, without the discovery GMACRE seeks, GMACRE's ability to establish the full extent of Costello's underreporting of commission income will be severely prejudiced. Furthermore, without the benefit of discovery, GMACRE will have no opportunity to learn the basis of or prepare a defense to Costello's Counterclaim.

## ARGUMENT

### A.  GMACRE Should Be Granted Leave To Take Discovery Regarding GMACRE's Claims Against Costello

This case is premised on GMACRE's allegation that Costello failed to disclose to GMACRE various transactions on which it earned commissions and, as a result, failed to pay GMACRE fees which GMACRE was entitled to under the franchise agreement. Presently, the only information which Costello has produced regarding those transactions is the list which it prepared in response to this Court's Order. GMACRE has been given little opportunity to test the accuracy or completeness of that list – the issue which lies at the very heart of this lawsuit. In fact, aside from the documents it obtained during an audit it performed on Costello's business in January 2003, GMACRE has not received from Costello any documents that enable GMACRE to test the veracity of the information which Costello provided. (A true and correct copy of the report prepared at the conclusion of GMACRE's January 2003 audit is attached to the Declaration of John Sandala ("Sandala Decl."), a true and correct copy of which is attached hereto as Exhibit A.)

---

[1]    That list was produced on May 15, 2006, in accordance with the schedule established by the Court.

The audit is significant in two respects. First, it shows that during the period covered by the audit (January 1, 1999 through December 31, 2001), Costello underreported its residential commission income and, accordingly, the amount it was obligated to pay to GMACRE. Second, the audit does not show what happened after December 31, 2001. That is why GMACRE needs discovery in this case. Based on Costello's history of underreporting and GMACRE's efforts to test the accuracy and completeness of the list Costello provided, GMACRE reasonably believes that Costello's underreporting was not limited to the audit period, and that Costello underreported until GMACRE terminated the franchise agreement in December 2004. Other than demonstrating Costello's willingness to defraud GMACRE, the audit and audit-related documents shed no light on any underreporting that occurred during the period beginning January 1, 2002 and extending through the date of termination.

GMACRE has attempted to corroborate Costello's sales information without taking discovery in this action. GMACRE has obtained the Multiple Listing Services ("MLS") reports for Costello's post-December 31, 2001 transactions. While these reports support GMACRE's belief that Costello continued (post-audit) to underreport its income to GMACRE, the MLS reports may not accurately reflect the actual compensation Costello earned on each transaction because agent commissions can be renegotiated prior to closing and any such modifications would not be reflected in the MLS reports – they would be reflected only in the HUD 1 statements. (Sandala Decl. at ¶ 5.) Therefore, to determine the scope of Costello's underreporting, GMACRE needs to compare the information which Costello has supplied to GMACRE to the information set forth in Costello's financial records (*i.e.*, balance sheets, profit and loss statements, cash flow statements), HUD 1 statements, and income tax returns.

Absent discovery, GMACRE will effectively be forced to accept as true Costello's representation that its list accurately reflects (i) all of the transactions it was a part of, and (ii) all of the commissions it received from those transactions. Suffice to say, because this case is premised on Costello's fraudulent failure to report transactions to GMACRE, Costello's assurance that its list is complete and accurate is cold comfort to GMACRE. The fact that Costello has refused to voluntarily produce any of this information only underscores GMACRE's need to conduct discovery on these matters.

Furthermore, in the event this Court grants GMACRE leave to issue document requests for these materials, then, respectfully, GMACRE should be permitted (as Costello is permitted under the Court's April 13, 2006 Order) to depose representatives from Costello and question those representatives regarding, among other things, Costello's reporting methods, Costello's real estate transactions, any discrepancies between Costello's transaction list and any document which GMACRE already possesses or obtains through the requested discovery, as well as Costello's abandonment of its GMACRE residential real estate business and other breaches of the franchise agreement.

**B.    GMACRE Should Be Granted Leave to Seek Discovery Regarding Costello's Counterclaim**

GMACRE also needs to conduct discovery into Costello's counterclaim – a subject on which it has not been permitted to take any discovery. As noted above, Costello alleges in its counterclaim that GMACRE breached the franchise agreement by failing to perform certain services mandated by that agreement. Nowhere does Costello allege what services GMACRE allegedly failed to perform, how these alleged breaches occurred, or when these alleged breaches

occurred.[2]  The most which GMACRE can glean from the Counterclaim is that the alleged breaches occurred "[a]t various times and dates from May, 2000 to December, 2004" – a period than spans over 4½ years. (Counterclaim ¶ 5.) To defend against this Counterclaim, GMACRE needs to conduct discovery (including taking depositions and serving interrogatories and document requests) regarding what provisions it allegedly breached, how it allegedly breached those provisions, and when those breaches allegedly occurred.

Furthermore, GMACRE needs to conduct discovery regarding Costello's alleged damages. According to its Counterclaim, GMACRE's alleged breaches damaged Costello's reputation and caused Costello to lose sales and business opportunities. Without knowing, for example, how Costello's reputation suffered, which sales or business opportunities it lost, or even the dollar amount of such losses, it is impossible for GMACRE to investigate and defend against Costello's damage claims.[3]  GMACRE should therefore be allowed to conduct the discovery permitted under the Federal Rules of Civil Procedure regarding (i) whether Costello was damaged by GMACRE's alleged breaches, (ii) how it was damaged by those alleged breaches, and, (iii) the amount of Costello's alleged damages.

---

[2]    GMACRE's counsel asked Costello's counsel to provide this information, but he refused to do so.

[3]    Costello has, in essence, been granted a protective order precluding GMACRE from seeking discovery from it. However, "the provision for protective orders in Rule 26(c) is plainly limited in its application to *protection from abuses* flowing from the employment of the discovery rules." *Fayemi v. Hambrecht and Quist, Inc.*, 174 F.R.D. 319, 324 (S.D.N.Y. 1997) (emphasis added) (quoting 4 Moore's Federal Practice ¶ 26.78 at 26-503 to 26-504 (1987)). *See also Fox v. House*, 29 F. Supp. 673, 676 (E.D. Okla. 1939) (until such time that it becomes apparent that the purpose is to annoy, embarrass, or oppress, "a liberal interpretation of the rules requires that the court refrain from attempting to limit the parties."). None of the discovery GMACRE seeks could be characterized as "abusive" or "oppressive" within the meaning of *Fayemi* or *Fox*: the discovery it has requested goes to the heart of GMACRE's claims against Costello and Costello's counterclaims against GMACRE.

## CONCLUSION

For the foregoing reasons, GMACRE's motion for leave to conduct further discovery should be granted.

GMAC REAL ESTATE, LLC,
By its attorneys,

_____/s/ Michael D. Vhay_____
Michael D. Vhay (BBO #566444)
DLA PIPER RUDNICK GRAY CARY US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Phone: 617-406-6000
Fax: 617-406-6100

Norman M. Leon
DLA PIPER RUDNICK GRAY CARY US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone: 312-368-4000
Fax: 312-236-7516

Dated: June 21, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**GMAC REAL ESTATE, LLC,**

Plaintiff,

v.

**COSTELLO REALTY, INC.,**

Defendant.

**Civil Action No. 1:05-cv-30073-JLT**

## DECLARATION OF JOHN SANDALA

I, John Sandala, being first duly sworn, declare as follows:

1.     My name is John Sandala.  I am an individual over the age of eighteen (18) years. I have personal knowledge of the facts set forth herein, and would be willing and able to testify thereto if and when called upon to do so.

2.     GMAC Real Estate, LLC ("GMACRE") is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business in the State of Illinois.  GMACRE is engaged in the business of granting to others the right to operate residential real estate brokerage offices using various trade and service marks, including the mark "GMAC® Real Estate" (the "GMAC Marks").

3.     I am the Credit Services Manager for GMACRE.  I have held that position since May 2002.   My responsibilities as Credit Manager include overseeing the accounts of GMACRE's franchises, including the GMACRE franchise formerly operated by Costello Realty, Inc. ("Costello").

4.     A true and correct copy of the report prepared at the conclusion of GMACRE's January 2003 audit is attached hereto as Exhibit 1.

5.    The Multiple Listing Services ("MLS") reports for Costello's post-December 31, 2001 transactions may not accurately reflect the actual compensation Costello earned on each transaction because agent commissions can be renegotiated prior to closing and any such modifications would not be reflected in the MLS reports – they would be reflected only in the HUD 1 statements.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 21, 2006.

JOHN SANDALA

2

*audit report, cover letter and invoice*



June 10, 2003

Mr. Paul K. Costello
Costello Realty, Inc.
GMAC Real Estate
443 E Central St / Box 283
Franklin, MA  02038-1304

Dear Mr. Costello:

On January 10, 2003, Lance P. Abbott, CPA performed a review of Costello Realty, Inc.
to verify the accuracy of the commission income on your transaction reports.

Commission income for the period January 1, 1999 through December 31, 2001 was
traced from your financial statements and production worksheets to the transaction
reports.  Deductions were verified on a test basis and various other audit procedures were
performed.

During the review, the auditor identified several variances in reporting of gross
commission income.  As a result, additional fees and interest totaling $75,295.05 are due
GMAC Real Estate.  A copy of the audit report and an invoice for the amount due are
included.  After reviewing the auditor's report, please call me if you wish to discuss these
variances in detail.

Thank you for your cooperation during this audit.

Sincerely,

*Sharon Zecha, CPA*

Sharon Zecha, CPA
Senior Accountant
215-682-6253


cc: Mike Powers


GMAC Real Estate
4 Walnut Grove Drive
P.O. Box 965
Horsham, PA 19044-0965

www.gmacmortgage.com



**Invoice**

GMAC Real Estate
4 Walnut Grove Driv
Horsham, PA 19044

Sold To:

Costello Realty, Inc.
443 E Central St / Box 283
Franklin          MA    02038-1304

| | |
|---|---|
| Invoice Number | 031618900 |
| Invoice Date | 06/10/2003 |
| Terms | Net 30 Days |
| Broker Number | 001374800 |

| Description | Amount |
|---|---|
| Transaction Fees | $37,004.87 |
| Advertising Fees | $22,286.73 |
| Referral Fees | $0.00 |
| Late Charges | $14,790.08 |
| Audit Fees | $1,213.37 |
| Other Fees | $0.00 |

**Total**          **$75,295.05**

Please Pay This Amount

Questions concerning this Invoice?
Call:    **Sharon Zecha**
          **215-682-6253**

**Make Checks Payable to:**

GMAC Real Estate
4 Walnut Grove Drive
Horsham, PA 19044
Attn: Sharon Zecha
(190-400-260)

*Thank you for your business!*

*Costello Realty, Inc. /*
*GMAC Real Estate*
*(#001374800)*

Agreed Upon Procedures Report
For the Period
January 1, 1999 – December 31, 2001

# LANCE P. ABBOTT, CERTIFIED PUBLIC ACCOUNTANT

5252 BALBOA AVE., STE. 701   ●   SAN DIEGO, CALIFORNIA 92117 ● (858) 565-4122 ● FAX (858) 565-4103

Mr. John Sandala
GMAC Real Estate
2021 Spring Road, Suite 300
Oakbrook, IL  60523

We have performed the procedures enumerated below, which were agreed to by GMAC Real Estate, as franchisor, and Costello Realty, Inc. / GMAC Real Estate ("Franchisee"), solely to assist you with respect to evaluating the accuracy of Franchisee's reporting of Residential Commission Income to GMAC Real Estate as defined in the Franchise Agreement between GMAC Real Estate and Franchisee for the period January 1, 1999 through December 31, 2001.  This engagement to apply agreed-upon procedures was performed in accordance with standards established by the American Institute of Certified Public Accountants.  The sufficiency of these procedures is solely the responsibility of the specified users of this report.  Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

The procedures performed included reconciling gross revenues per Franchisee's financial statements and federal tax returns to Residential Commission Income reported to GMAC Real Estate, performing commission deposit testing, as well as reviewing a selection of Franchisee's closed, pending, exempt and canceled sales files for the period indicated above.  In connection with the procedures referred to above, exceptions in the reporting of Residential Commission Income to GMAC Real Estate as defined by the above referenced Franchise Agreement are outlined in the exhibits to this report.

We were not engaged to, and did not perform an audit, the objective of which would be the expression of an opinion on Franchisee's gross revenues.  Accordingly, we do not express such an opinion.  Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the use of the specified users listed above and should not be used by those who have not agreed to the procedures and taken responsibility for the sufficiency of the procedures for their purposes.

*Lance P. Abbott, C.P.A.*

January 10, 2003

## Costello Realty, Inc. / GMAC Real Estate (#001374800)

# EXHIBIT I:  Summary of Findings
## For the Period January 1, 1999 through December 31, 2001
### *(See Accountants' Agreed-Upon Procedures Report)*

| | | |
|---|---|---:|
| Transaction Fees due on Unreported Sales (Exhibit II) | | $ 37,004.87 |
| Advertising Fees (Exhibit III) | | 22,286.73 |
| Transaction Fees due on Referral Income (Exhibit IV) | | - |
| Late Charges: | | |
| On Unreported Sales (Exhibit II) | $    9,391.06 | |
| On Advertising Fees (Exhibit III) | 5,399.02 | |
| On Referral Income (Exhibit IV) | - | |
| On Late Reported Transactions (Exhibit V) | - | |
| Total Late Charges | | 14,790.08 |
| Audit Fee (Note 1) | | 1,213.37 |
| Total Amount Due | | $ 75,295.05 |

Note 1:  The audit fee is being charged in accordance with Section 13 (12 if an affiliate)
of the Franchise Agreement.  Actual underreported RCI per Exhibits II & IV is $1,013,033.
The error allowance is computed as follows:

| | | |
|---|---|---:|
| Total RCI Reported | $ | 2,036,034 |
| 3% Error Allowance | $ | 61,081 |

*Lance P. Abbott, CPA*

## Costello Realty, Inc. / GMAC Real Estate (#001374800)

**EXHIBIT II:  Unreported and Underreported Transaction Detail**
**For the Period January 1, 1999 through December 31, 2001**
*(See Accountants' Agreed-Upon Procedures Report)*

| DESCRIPTION | CLOSING DATE | ADJUSTED RCI | RCI REPORTED TO GMAC | RCI (UNDER)/OVER REPORTED | TRANS. FEES | AUDIT DATE | DAYS DELAYED | LATE FEES DUE @ 12% |
|---|---|---|---|---|---|---|---|---|
| Deposit | 1/4/1999 | $ 5,922.00 | $ - | $ (5,922.00) | $ 236.88 | 1/10/2003 | 1457 | $ 113.47 |
| Deposit | 1/11/1999 | 1,140.75 | - | (1,140.75) | 45.63 | 1/10/2003 | 1450 | 21.75 |
| Deposit | 1/26/1999 | 2,671.00 | - | (2,671.00) | 106.84 | 1/10/2003 | 1435 | 50.41 |
| Deposit | 2/23/1999 | 5,196.00 | - | (5,196.00) | 207.84 | 1/10/2003 | 1407 | 96.14 |
| Deposit | 3/11/1999 | 3,450.00 | - | (3,450.00) | 138.00 | 1/10/2003 | 1391 | 63.11 |
| Deposit | 4/7/1999 | 1,065.00 | - | (1,065.00) | 42.60 | 1/10/2003 | 1364 | 19.10 |
| Deposit | 6/2/1999 | 5,000.00 | - | (5,000.00) | 200.00 | 1/10/2003 | 1308 | 86.01 |
| Deposit | 6/4/1999 | 10,000.00 | - | (10,000.00) | 400.00 | 1/10/2003 | 1306 | 171.75 |
| Deposit | 6/8/1999 | 828.00 | - | (828.00) | 33.12 | 1/10/2003 | 1302 | 14.18 |
| Deposit | 6/11/1999 | 10,894.00 | - | (10,894.00) | 435.76 | 1/10/2003 | 1299 | 186.10 |
| Deposit | 7/26/1999 | 16,000.00 | - | (16,000.00) | 640.00 | 1/10/2003 | 1254 | 263.86 |
| Deposit | 8/5/1999 | 5,547.00 | - | (5,547.00) | 221.88 | 1/10/2003 | 1244 | 90.75 |
| Deposit | 8/9/1999 | 4,000.00 | - | (4,000.00) | 160.00 | 1/10/2003 | 1240 | 65.23 |
| Deposit | 8/23/1999 | 3,000.00 | - | (3,000.00) | 120.00 | 1/10/2003 | 1226 | 48.37 |
| Deposit | 8/25/1999 | 4,695.00 | - | (4,695.00) | 187.80 | 1/10/2003 | 1224 | 75.57 |
| Deposit | 9/2/1999 | 10,500.00 | - | (10,500.00) | 420.00 | 1/10/2003 | 1216 | 167.91 |
| Deposit | 9/8/1999 | 820.00 | - | (820.00) | 32.80 | 1/10/2003 | 1210 | 13.05 |
| Total, 1/1/99-9/30/99 | | $ 90,728.75 | $ - | $ (90,728.75) | $ 3,629.15 | | | $ 1,546.74 |
| Description as per QuickBooks: | | | | | | | | |
| Lot 15 Deer Run | 10/13/1999 | $ 5,894.00 | $ - | $ (5,894.00) | $ 235.76 | 1/10/2003 | 1175 | $ 91.07 |
| 131 Colonial | 10/26/1999 | 4,322.50 | - | (4,322.50) | 172.90 | 1/10/2003 | 1162 | 66.05 |
| 37 Union Street | 10/26/1999 | 5,345.00 | - | (5,345.00) | 213.80 | 1/10/2003 | 1162 | 81.68 |
| 61 Highwood | 10/27/1999 | 2,318.00 | - | (2,318.00) | 92.72 | 1/10/2003 | 1161 | 35.39 |
| 325 Creek | 10/28/1999 | 2,000.00 | - | (2,000.00) | 80.00 | 1/10/2003 | 1160 | 30.51 |
| 100 Whitney | 11/10/1999 | 8,247.50 | - | (8,247.50) | 329.90 | 1/10/2003 | 1147 | 124.40 |
| 556 Wattaquadock | 11/15/1999 | 11,900.00 | - | (11,900.00) | 476.00 | 1/10/2003 | 1142 | 178.72 |
| 46 Pine Street | 11/23/1999 | 5,225.00 | - | (5,225.00) | 209.00 | 1/10/2003 | 1134 | 77.92 |
| Lot 8 High Street | 11/26/1999 | 7,997.50 | - | (7,997.50) | 319.90 | 1/10/2003 | 1131 | 118.95 |
| 23 Hewes Street | 12/6/1999 | 5,500.00 | - | (5,500.00) | 220.00 | 1/10/2003 | 1121 | 81.08 |
| Lot 9 Deer Run | 12/15/1999 | 447.00 | - | (447.00) | 17.88 | 1/10/2003 | 1112 | 6.54 |
| Lot 3 Central St. | 12/15/1999 | 3,600.00 | - | (3,600.00) | 144.00 | 1/10/2003 | 1112 | 52.64 |
| Lot 2 Central St. | 12/15/1999 | 2,800.00 | - | (2,800.00) | 112.00 | 1/10/2003 | 1112 | 40.95 |
| 39 Daniels St ($16,500 dep on 1/24/00 reported) | 12/29/1999 | 10,500.00 | - | (10,500.00) | 420.00 | 1/10/2003 | 1098 | 151.61 |
| Deer Run | 1/3/2000 | 5,944.00 | - | (5,944.00) | 237.76 | 1/10/2003 | 1093 | 85.44 |
| 41 Moody St. | 1/7/2000 | 6,887.50 | 2,487.50 | (4,400.00) | 176.00 | 1/10/2003 | 1089 | 63.01 |
| 60 Main St ($7,250 dep on 3/16/00 reported) | 3/14/2000 | 3,123.00 | - | (3,123.00) | 124.92 | 1/10/2003 | 1022 | 41.97 |
| 16 Colonial | 3/17/2000 | 16,338.60 | 14,487.60 | (1,851.00) | 74.04 | 1/10/2003 | 1019 | 24.80 |
| 5 Waterfall | 3/23/2000 | 3,872.50 | 2,871.50 | (1,001.00) | 40.04 | 1/10/2003 | 1013 | 13.33 |
| 578 E Central ($7,700 dep on 4/25/00 reported) | 4/25/2000 | 6,845.00 | - | (6,845.00) | 273.80 | 1/10/2003 | 980 | 88.22 |
| Lot 2 Esty | 4/26/2000 | 7,525.00 | 6,000.00 | (1,525.00) | 61.00 | 1/10/2003 | 979 | 19.63 |
| 89 Gilmore | 5/12/2000 | 8,890.77 | 6,500.00 | (2,390.77) | 95.63 | 1/10/2003 | 963 | 30.28 |
| Lot 37 Wisteria ($6,247.50 dep on 5/17/00 reported) | 5/18/2000 | 5,431.25 | - | (5,431.25) | 217.25 | 1/10/2003 | 957 | 68.35 |
| 46 Dale St ($4,362.50 dep on 5/25/00 reported) | 5/22/2000 | 7,250.00 | - | (7,250.00) | 290.00 | 1/10/2003 | 953 | 90.86 |
| Lot 4 Rhodes ($17,486.85 dep on 5/25/00 reported) | 5/25/2000 | 10,075.00 | - | (10,075.00) | 403.00 | 1/10/2003 | 950 | 125.87 |
| Regency Drive ($5,622.50 dep on 6/1/00 reported) | 6/6/2000 | 3,375.00 | - | (3,375.00) | 135.00 | 1/10/2003 | 938 | 41.63 |
| 43 Brownlea | 6/20/2000 | 11,120.00 | 4,875.00 | (6,245.00) | 249.80 | 1/10/2003 | 924 | 75.88 |
| 5 Jennette | 6/26/2000 | 14,401.00 | 6,605.00 | (7,796.00) | 311.84 | 1/10/2003 | 918 | 94.12 |
| 732 Lincoln St. | 7/5/2000 | 12,875.00 | 7,250.00 | (5,625.00) | 225.00 | 1/10/2003 | 909 | 67.24 |
| 15 McGiver Drive | 7/31/2000 | 13,250.00 | - | (13,250.00) | 530.00 | 1/10/2003 | 883 | 153.86 |
| 16 Mandy | 9/11/2000 | 11,720.00 | - | (11,720.00) | 468.80 | 1/10/2003 | 841 | 129.62 |

*Lance P. Abbott, CPA*

| Description | Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 22 Hodges | 9/12/2000 | 2,042.50 | - | (2,042.50) | 81.70 | 1/10/2003 | 840 | 22.56 |
| 291 Country Way | 9/15/2000 | 5,664.00 | - | (5,664.00) | 226.56 | 1/10/2003 | 837 | 62.34 |
| 29 Esker | 9/25/2000 | 11,915.00 | - | (11,915.00) | 476.60 | 1/10/2003 | 827 | 129.58 |
| Woodcrest ($4,503 dep on 9/29/00 reported) | 9/26/2000 | 16,000.00 | - | (16,000.00) | 640.00 | 1/10/2003 | 826 | 173.80 |
| Woodcrest ($4,503 dep on 9/29/00 reported) | 9/29/2000 | 5,000.00 | - | (5,000.00) | 200.00 | 1/10/2003 | 823 | 54.12 |
| Lakeshore ($3,000 dep on 9/29/00 reported) | 9/27/2000 | 4,450.00 | - | (4,450.00) | 178.00 | 1/10/2003 | 825 | 48.28 |
| Total, 10/1/99-9/30/00 | | $ 270,091.62 | $ 51,076.60 | $ (219,015.02) | $ 8,760.60 | | | $ 2,842.33 |
| 11 Cranberry | 10/3/2000 | $ 14,500.00 | $ - | $ (14,500.00) | 507.50 | 1/10/2003 | 819 | $ 136.65 |
| 13 Westview | 10/4/2000 | 6,125.00 | - | (6,125.00) | 214.38 | 1/10/2003 | 818 | 57.65 |
| Donald Tenant | 10/12/2000 | 4,750.00 | - | (4,750.00) | 166.25 | 1/10/2003 | 810 | 44.27 |
| 10 Townline | 10/12/2000 | 13,175.00 | 10,175.00 | (3,000.00) | 105.00 | 1/10/2003 | 810 | 27.96 |
| King Street | 10/16/2000 | 500.00 | - | (500.00) | 17.50 | 1/10/2003 | 806 | 4.64 |
| 73 Elm ($14,250 dep less $7,875 co-broke) | 10/18/2000 | 6,375.00 | 4,725.00 | (1,650.00) | 57.75 | 1/10/2003 | 804 | 15.26 |
| 10 Colt ($6,375 dep on 10/23/00 reported) | 10/26/2000 | 11,850.00 | - | (11,850.00) | 454.83 | 1/10/2003 | 796 | 108.54 |
| Lot 61 Bernardo | 10/27/2000 | 12,995.00 | - | (12,995.00) | 454.83 | 1/10/2003 | 795 | 118.88 |
| 23 Highwood | 10/30/2000 | 6,125.00 | - | (6,125.00) | 214.38 | 1/10/2003 | 792 | 55.82 |
| 58A Smith | 10/31/2000 | 18,060.00 | - | (18,060.00) | 632.10 | 1/10/2003 | 791 | 164.38 |
| Lot 59 Bernardo | 11/10/2000 | 12,995.00 | - | (12,995.00) | 454.83 | 1/10/2003 | 781 | 116.78 |
| Lot 57 Bernardo | 11/28/2000 | 12,995.00 | - | (12,995.00) | 454.83 | 1/10/2003 | 763 | 114.09 |
| Lot 6 Mandy | 12/1/2000 | 12,396.00 | - | (12,396.00) | 433.86 | 1/10/2003 | 760 | 108.41 |
| 348 Prospect | 12/4/2000 | 14,400.00 | 5,400.00 | (9,000.00) | 315.00 | 1/10/2003 | 757 | 78.40 |
| 22 Third Ave ($3,960 dep on 12/8/00 reported) | 12/7/2000 | 4,500.00 | - | (4,500.00) | 157.50 | 1/10/2003 | 754 | 39.04 |
| 35 Oak Point | 12/14/2000 | 16,122.50 | - | (16,122.50) | 564.29 | 1/10/2003 | 747 | 138.58 |
| 231 Chestnut | 12/20/2000 | 6,000.00 | 4,875.00 | (1,125.00) | 39.38 | 1/10/2003 | 741 | 9.59 |
| Lot 62 Bernardo | 12/20/2000 | 12,995.00 | - | (12,995.00) | 454.83 | 1/10/2003 | 741 | 110.80 |
| 11 Emerson | 12/29/2000 | 16,950.00 | - | (16,950.00) | 593.25 | 1/10/2003 | 732 | 142.77 |
| 11 Bluestone | 1/4/2001 | 12,000.00 | 3,200.00 | (8,800.00) | 308.00 | 1/10/2003 | 726 | 73.51 |
| 415 Chestnut | 1/8/2001 | 13,600.00 | - | (13,600.00) | 476.00 | 1/10/2003 | 722 | 112.99 |
| 920 Washington St | 1/8/2001 | 17,500.00 | - | (17,500.00) | 612.50 | 1/10/2003 | 722 | 145.39 |
| 301 Park ($2,425 dep on 1/8/01 reported) | 1/8/2001 | 6,687.00 | - | (6,687.00) | 234.05 | 1/10/2003 | 722 | 55.56 |
| 390 Central St | 1/31/2001 | 16,500.00 | - | (16,500.00) | 577.50 | 1/10/2003 | 699 | 132.71 |
| 44 Hazel St | 2/7/2001 | 9,547.50 | 4,747.50 | (4,800.00) | 168.00 | 1/10/2003 | 692 | 38.22 |
| 81 Beaver | 2/14/2001 | 12,075.00 | 5,625.00 | (6,450.00) | 225.75 | 1/10/2003 | 685 | 50.84 |
| 2B Hillside | 3/1/2001 | 8,500.00 | 4,125.00 | (4,375.00) | 153.13 | 1/10/2003 | 670 | 33.73 |
| 141 Pleasant ($12,850 dep less $4,600 co-broke) | 3/1/2001 | 8,250.00 | 4,600.00 | (3,650.00) | 127.75 | 1/10/2003 | 670 | 28.14 |
| 7 Peters Lane | 3/2/2001 | 15,840.00 | 12,150.00 | (3,690.00) | 129.15 | 1/10/2003 | 669 | 28.41 |
| Deposit labeled "8 Rockland" | 3/13/2001 | 9,743.75 | - | (9,743.75) | 341.03 | 1/10/2003 | 658 | 73.77 |
| 510 Ipswich | 3/15/2001 | 7,450.00 | - | (7,450.00) | 260.75 | 1/10/2003 | 656 | 56.24 |
| Deposit labeled "17Westcott" | 3/23/2001 | 12,950.00 | - | (12,950.00) | 453.25 | 1/10/2003 | 648 | 96.56 |
| 4 Pond St. | 3/30/2001 | 8,862.00 | 4,662.00 | (4,200.00) | 147.00 | 1/10/2003 | 641 | 30.98 |
| 95 Miller ($10,132 dep on 4/3 less $7,237 cobroke reported) | 4/5/2001 | 13,245.00 | - | (13,245.00) | 463.58 | 1/10/2003 | 635 | 96.78 |
| 17 Dodson | 4/13/2001 | 5,000.00 | - | (5,000.00) | 175.00 | 1/10/2003 | 627 | 36.07 |
| 317 Rhode Island ($3,550 dep on 4/11/01 reported) | 4/13/2001 | 2,870.00 | - | (2,870.00) | 100.45 | 1/10/2003 | 627 | 20.71 |
| Briarwood | 4/13/2001 | 7,000.00 | - | (7,000.00) | 245.00 | 1/10/2003 | 627 | 50.50 |
| 13 Westview | 4/23/2001 | 14,000.00 | - | (14,000.00) | 490.00 | 1/10/2003 | 617 | 99.40 |
| Deposit labeled "198 Peck" | 5/7/2001 | 2,947.50 | - | (2,947.50) | 103.16 | 1/10/2003 | 603 | 20.45 |
| 400 Gaskell | 5/29/2001 | 4,737.00 | - | (4,737.00) | 165.80 | 1/10/2003 | 581 | 31.67 |
| 212 Fisher | 5/29/2001 | 5,050.00 | - | (5,050.00) | 176.75 | 1/10/2003 | 581 | 33.76 |
| 703 Rathbun | 5/31/2001 | 9,295.00 | - | (9,295.00) | 325.33 | 1/10/2003 | 579 | 61.93 |
| 6 Franklin Crossing | 6/1/2001 | 2,525.00 | - | (2,525.00) | 88.38 | 1/10/2003 | 578 | 16.79 |
| 175 Providence | 6/1/2001 | 3,360.00 | - | (3,360.00) | 117.60 | 1/10/2003 | 578 | 22.35 |
| 400 Gaskell | 6/1/2001 | 3,158.00 | - | (3,158.00) | 110.53 | 1/10/2003 | 578 | 21.00 |
| Unit 290 Heritage | 6/1/2001 | 3,372.50 | - | (3,372.50) | 118.04 | 1/10/2003 | 578 | 22.43 |
| 6 Dynasty | 6/1/2001 | 15,000.00 | - | (15,000.00) | 525.00 | 1/10/2003 | 578 | 99.76 |
| Lot 12 Fall Lane | 6/11/2001 | 26,495.00 | - | (26,495.00) | 927.33 | 1/10/2003 | 568 | 173.17 |
| 150 Daniels | 6/25/2001 | 18,250.00 | - | (18,250.00) | 638.75 | 1/10/2003 | 554 | 116.34 |
| 36 Hoyle Circle | 7/2/2001 | 3,160.00 | - | (3,160.00) | 110.60 | 1/10/2003 | 547 | 19.89 |
| 85 Pleasant | 7/3/2001 | 13,995.00 | - | (13,995.00) | 489.83 | 1/10/2003 | 546 | 87.93 |
| Lot 20 Carrington | 7/9/2001 | 5,675.00 | - | (5,675.00) | 198.63 | 1/10/2003 | 540 | 35.26 |
| 63 Cleveland | 7/17/2001 | 13,725.00 | - | (13,725.00) | 480.38 | 1/10/2003 | 532 | 84.02 |
| Houlihan Referral | 7/17/2001 | 831.25 | - | (831.25) | 29.09 | 1/10/2003 | 532 | 5.09 |

*Lance P. Abbott, CPA*

| Description | Date | Amount | Amount | Amount | Amount | Date | No. | Amount |
|---|---|---|---|---|---|---|---|---|
| 90 Park St | 7/24/2001 | 10,125.00 | - | (10,125.00) | 354.38 | 1/10/2003 | 525 | 61.17 |
| 200 Union | 7/27/2001 | 8,810.00 | - | (8,810.00) | 308.35 | 1/10/2003 | 522 | 52.92 |
| Lot 1 Emerald | 7/27/2001 | 13,745.00 | - | (13,745.00) | 481.08 | 1/10/2003 | 522 | 82.56 |
| 25262 Daniels - reported, could not match to deposit | 8/2/2001 | (8,070.00) | - | 8,070.00 | (282.45) | 1/10/2003 | 516 | - |
| 256 Union - reported, could not match to deposit | 8/3/2001 | (6,812.50) | - | 6,812.50 | (238.44) | 1/10/2003 | 515 | - |
| 21 Blue Jay | 8/9/2001 | 10,600.00 | - | (10,600.00) | 371.00 | 1/10/2003 | 509 | 62.08 |
| 20 Partridge ($11,475 dep less $5,872.5 Co-broke) | 8/14/2001 | 5,872.50 | - | (5,872.50) | 205.54 | 1/10/2003 | 504 | 34.06 |
| Lot 20 Fall Lane | 8/23/2001 | 14,000.00 | - | (14,000.00) | 490.00 | 1/10/2003 | 495 | 79.74 |
| 31 Ben's Landing ($7,300 dep less $3,900 Co-broke) | 8/24/2001 | 3,400.00 | - | (3,400.00) | 119.00 | 1/10/2003 | 494 | 19.33 |
| 19 Colt Rd ($14,000 dep less $7,275 Co-broke) | 8/30/2001 | 6,725.00 | - | (6,725.00) | 235.38 | 1/10/2003 | 488 | 37.76 |
| Lot 2 Emerald | 8/30/2001 | 13,000.00 | - | (13,000.00) | 455.00 | 1/10/2003 | 488 | 73.00 |
| 15 Alden ($4,610 dep on 9/4/01 reported) | 8/30/2001 | 3,245.00 | - | (3,245.00) | 113.58 | 1/10/2003 | 488 | 18.22 |
| Unit 14 Sanford - reported, could not match to deposit | 8/31/2001 | (8,350.00) | - | 8,350.00 | (292.25) | 1/10/2003 | 487 | (46.79) |
| 6 Indian Run ($9,995 dep less $5,000 Co-broke) | 9/7/2001 | 4,995.00 | - | (4,995.00) | 174.83 | 1/10/2003 | 480 | 27.59 |
| 6 Tillotson | 9/17/2001 | 6,000.00 | - | (6,000.00) | 210.00 | 1/10/2003 | 470 | 32.45 |
| 101 Summer | 9/20/2001 | 7,000.00 | - | (7,000.00) | 245.00 | 1/10/2003 | 467 | 37.62 |
| 7 Wellesley | 9/20/2001 | 1,800.00 | - | (1,800.00) | 63.00 | 1/10/2003 | 467 | 9.67 |
| Total, 10/1/00-9/30/01 | | $ 623,090.00 | $ 64,284.50 | $ (558,805.50) | $ 19,558.19 | | | $ 4,286.25 |
| 24 Palamino | 10/2/2001 | $ 5,798.00 | $ - | $ (5,798.00) | $ 202.93 | 1/10/2003 | 455 | $ 30.36 |
| 10 Matthew | 10/2/2001 | 9,825.00 | | (9,825.00) | 343.88 | 1/10/2003 | 455 | 51.44 |
| 101 Summer | 10/2/2001 | 5,250.00 | - | (5,250.00) | 183.75 | 1/10/2003 | 455 | 27.49 |
| 10 Spruce | 10/2/2001 | 7,293.75 | - | (7,293.75) | 255.28 | 1/10/2003 | 455 | 38.19 |
| 6 Tillotson | 10/2/2001 | 7,750.00 | - | (7,750.00) | 271.25 | 1/10/2003 | 455 | 40.58 |
| 8 Haven ($9,697.5 dep on 10/4/01 reported) | 10/3/2001 | 7,000.00 | - | (7,000.00) | 245.00 | 1/10/2003 | 454 | 36.57 |
| 211 Brook St. | 10/11/2001 | 7,995.00 | - | (7,995.00) | 279.83 | 1/10/2003 | 446 | 41.03 |
| 20 Echo Bridge | 10/12/2001 | 6,500.00 | - | (6,500.00) | 227.50 | 1/10/2003 | 445 | 33.28 |
| 86 Laurelwood | 10/16/2001 | 3,500.00 | - | (3,500.00) | 122.50 | 1/10/2003 | 441 | 17.76 |
| Lot 1 Clover | 10/22/2001 | 3,000.00 | - | (3,000.00) | 105.00 | 1/10/2003 | 435 | 15.02 |
| Lot 11 Shamrock | 10/26/2001 | 11,995.00 | - | (11,995.00) | 419.83 | 1/10/2003 | 431 | 59.49 |
| 6 Indian Run | 10/31/2001 | 15,000.00 | - | (15,000.00) | 525.00 | 1/10/2003 | 426 | 73.53 |
| 12 Green St. | 11/1/2001 | 12,250.00 | - | (12,250.00) | 428.75 | 1/10/2003 | 425 | 59.91 |
| 59 Fort Meadow | 11/5/2001 | 5,587.50 | - | (5,587.50) | 195.56 | 1/10/2003 | 421 | 27.07 |
| 17 North St. | 11/9/2001 | 4,187.50 | - | (4,187.50) | 146.56 | 1/10/2003 | 417 | 20.09 |
| 7 Wyoming | 11/20/2001 | 13,295.00 | - | (13,295.00) | 465.33 | 1/10/2003 | 406 | 62.11 |
| Unit 3 Fells | 11/26/2001 | 3,500.00 | - | (3,500.00) | 122.50 | 1/10/2003 | 400 | 16.11 |
| 51 Norfolk | 11/28/2001 | 5,757.00 | - | (5,757.00) | 201.50 | 1/10/2003 | 398 | 26.37 |
| 30 Fells | 12/12/2001 | 4,000.00 | - | (4,000.00) | 140.00 | 1/10/2003 | 384 | 17.67 |
| East Side Rd. | 12/19/2001 | 5,000.00 | - | (5,000.00) | 175.00 | 1/10/2003 | 377 | 21.69 |
| Total, 10/1/01-12/31/01 | | $ 144,483.75 | $ - | $ (144,483.75) | $ 5,056.93 | | | $ 715.74 |
| Grand Total | | $ 1,128,394.12 | $ 115,361.10 | $(1,013,033.02) | $ 37,004.87 | | | $ 9,391.06 |

Note: Address descriptions above obtained from the Quicken records provided.  I noted several instances were it appeared as though the
   address description for the deposit amount did not match the detail provided for the Monthly Transaction Report support; thus, it
   appears as though address descriptions may not accurately reflect the deposit listed above.

*Lance P. Abbott, CPA*

*Costello Realty, Inc. / GMAC Real Estate (#001374800)*

## EXHIBIT III:  Advertising Fee Calculation
### For the Period January 1, 1999 through December 31, 2001
*(See Accountants' Agreed-Upon Procedures Report)*

| MONTH | ADDITIONAL RCI PER AUDIT | ADDITIONAL AD FEES DUE | DAYS THRU 1/10/2003 AUDIT DATE | LATE FEES DUE @ 12% |
|---|---|---|---|---|
| Jan-99 | $ 9,733.75 | $ 214.14 | 1430 | $ 100.68 |
| Feb-99 | 5,196.00 | 114.31 | 1402 | 52.69 |
| Mar-99 | 3,450.00 | 75.90 | 1371 | 34.21 |
| Apr-99 | 1,065.00 | 23.43 | 1341 | 10.33 |
| Jun-99 | 26,722.00 | 587.88 | 1280 | 247.39 |
| Jul-99 | 16,000.00 | 352.00 | 1249 | 144.54 |
| Aug-99 | 17,242.00 | 379.32 | 1218 | 151.90 |
| Sep-99 | 11,320.00 | 249.04 | 1188 | 97.27 |
| Total, 1/1/01-9/30/99 | $ 90,728.75 | $ 1,996.03 | | $ 839.01 |
| Oct-99 | $ 19,879.50 | $ 437.35 | 1157 | $ 166.36 |
| Nov-99 | 33,370.00 | 734.14 | 1127 | 272.01 |
| Dec-99 | 22,847.00 | 502.63 | 1096 | 181.11 |
| Jan-00 | 10,344.00 | 227.57 | 1065 | 79.68 |
| Mar-00 | 5,975.00 | 131.45 | 1005 | 43.43 |
| Apr-00 | 8,370.00 | 184.14 | 975 | 59.03 |
| May-00 | 25,147.02 | 553.23 | 944 | 171.70 |
| Jun-00 | 17,416.00 | 383.15 | 914 | 115.13 |
| Jul-00 | 18,875.00 | 415.25 | 883 | 120.55 |
| Sep-00 | 56,791.50 | 1,249.41 | 822 | 337.65 |
| Total, 10/1/99-9/30/00 | $ 219,015.02 | $ 4,818.33 | | $ 1,546.66 |
| Oct-00 | $ 79,555.00 | $ 1,750.21 | 791 | $ 455.15 |
| Nov-00 | 25,990.00 | 571.78 | 761 | 143.05 |
| Dec-00 | 73,088.50 | 1,607.95 | 730 | 385.91 |
| Jan-01 | 63,087.00 | 1,387.91 | 699 | 318.95 |
| Feb-01 | 11,250.00 | 247.50 | 671 | 54.60 |
| Mar-01 | 46,058.75 | 1,013.29 | 640 | 213.21 |
| Apr-01 | 42,115.00 | 926.53 | 610 | 185.81 |
| May-01 | 22,029.50 | 484.65 | 579 | 92.26 |
| Jun-01 | 72,160.50 | 1,587.53 | 549 | 286.54 |
| Jul-01 | 70,066.25 | 1,541.46 | 518 | 262.51 |
| Aug-01 | 33,610.00 | 739.42 | 487 | 118.39 |
| Sep-01 | 19,795.00 | 435.49 | 457 | 65.43 |
| Total, 10/1/00-9/30/01 | $ 558,805.50 | $ 12,293.72 | | $ 2,581.81 |
| Oct-01 | $ 90,906.75 | $ 1,999.95 | 426 | $ 280.10 |
| Nov-01 | 44,577.00 | 980.69 | 396 | 127.68 |
| Dec-01 | 9,000.00 | 198.00 | 365 | 23.76 |
| Total, 10/1-12/31/2001 | $ 144,483.75 | $ 3,178.64 | | $ 431.54 |
| Grand Total | $ 1,013,033.02 | $ 22,286.73 | | $ 5,399.02 |

*Lance P. Abbott, CPA*

## *Costello Realty, Inc. / GMAC Real Estate (#001374800)*
### Record of Post-Examination Meeting

Location:        Franklin, MA
Audit Period:    January 1, 1999 through December 31, 2001
Date of Exam:    January 10, 2003

Type of Audit: ( X ) One Day  (  ) Large Broker  (  ) Other: _____

Summary of Findings:

| | RCI | Fees Due GMAC | Late Charges @ 12% |
|---|---|---|---|
| Underreported Transactions | $ 1,013,033.02 | $ 37,004.87 | $ 9,391.06 |
| Advertising Fees | | $ 22,286.73 | $ 5,399.02 |
| Late Reported Transactions | $ - | $ - | $ - |
| Referral Fees | $ - | $ - | $ - |
| Total Amounts Due | $ 1,013,033.02 | $ 59,291.60 | $ 14,790.08 |

Examination Fees to be paid by Franchisee?          ( X ) Yes          (  ) No

X̶ Amount due GMAC exceeds 3% error allowance ($61,081 in RCI) permitted by Franchise Agreement.

X̶ Franchisee not prepared for examination - Incomplete financial records for examination purposes

Franchisee Accounting Systems:

| | | | |
|---|---|---|---|
| State of Accounting Records | (  ) Adequate | (  ) Partially Adequate | ( X ) Inadequate |
| State of Sales Files | (  ) Adequate | ( X ) Partially Adequate | (  ) Inadequate |
| Internal Controls | (  ) Adequate | (  ) Partially Adequate | ( X ) Inadequate |
| Overall Recordkeeping | (  ) Adequate | (  ) Partially Adequate | ( X ) Inadequate |

Procedural Discrepancies Noted:

*The following procedural discrepancies need to be corrected and will be reviewed during your next audit*

1. Per conversation with Broker's bookkeeper, all ledger records and deposit slip detail at the office for the entire audit period were destroyed. We obtained QuickBooks records from the office's outside accountant at a later date. Deposit descriptions often do not match detail provided for support of Monthly Transaction Report transactions reported to GMAC. In addition, Franchisee failed to report a significant number of their transactions as listed in Exhibit II. As such, Franchisee's State of Accounting Records, Internal Controls, and Overall Recordkeeping are deemed inadequate.

# Costello Realty, Inc. / GMAC Real Estate (#001374800)

**Record of Post-Examination Meeting**
**Page 2**

Did you advise Franchisee of all findings including dollar differences and causes?    (X) Yes    ( ) No
Did you advise Franchisee of all procedural discrepancies you noted?    (X) Yes    ( ) No
Did you advise Franchisee of what corrective action is needed?
                                                                                    (X) Yes    ( ) No

FOR TOM STANDRING, CPA

_____    _____
Examiner                                    Date    1/10/03

_Lance P. Abbott, CPA_
_____
Print Name

## FRANCHISEE

Do you agree with Examiner's Findings?    ( ) Yes    ( ) No

If not, why? _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

UNABLE TO OBTAIN

_____    _____    _____
Franchisee                                  Title                       Date

_____
Print Name

Date: January 10, 2003

Mr. John Sandala
GMAC Real Estate
2021 Spring Road, Suite 300
Oakbrook, IL 60523

In connection with the Agreed Upon Procedures performed on the statements of gross revenues of Costello Realty, Inc. / GMAC Real Estate ("Franchisee") for the period January 1, 1999 through December 31, 2001, for the purpose of determining the accuracy of Franchisee's reporting of gross revenues to GMAC Real Estate as defined by the GMAC Real Estate Franchise Agreement, we confirm the following representations made during the agreed upon procedures:

1. We are responsible for the fair presentation in the financial statements of financial position and results of operations in conformity with generally accepted accounting principles.

2. We have made available to you all financial records and related data except the following:

    _____    _____
    _____    _____
    _____    _____

3. There have been no:

    a) Irregularities involving management or employees who have significant roles in the internal control structure.

    b) Irregularities involving other employees that could have a material effect on the financial statements.

    c) Communications from regulatory agencies concerning noncompliance with, or deficiencies in, financial or other reporting practices.

    d) Violations or possible violations of laws or regulations whose effects should be disclosed to GMAC Real Estate as required by the Franchise Agreement.

4. All gross revenues have been reported to GMAC Real Estate as required by the Franchise Agreement except as noted below:

    _____
    _____
    _____

5. None of the principals or broker of record is affiliated with another real estate franchising company or is otherwise engaged in a competing real estate company within the Licensed Territory that does not use the GMAC Real Estate trademarks.

6. If escrow or trust funds are held, a proper segregation of funds exists and all trust funds are maintained in accordance with applicable state laws. Separate ledgers are maintained and all trust bank accounts are reconciled on a current basis. No misappropriation of funds has occurred and no trust funds have been used for office operating expenses or other purposes.

7. We have advised GMAC Real Estate of any additional office locations within our approved location or licensed territory, and we have obtained approval from GMAC Real Estate for any additional office locations outside of our approved territory.

8. All residential real estate referrals are placed through the GMAC Real Estate referral system and all residential referrals have been registered with GMAC Real Estate.

9. No deductions are being taken from gross revenues reported to GMAC Real Estate except as allowed per the GMAC Real Estate Franchise Agreement.

10. Any transfer or sale of a controlling interest in the franchise (GMAC Real Estate's practice is to consider disposition of an interest of 30% or more to be a transfer) has been disclosed to and approved by GMAC Real Estate.

11. We have complied with all material provisions of the GMAC Real Estate Franchise Agreement.


FRANCHISEE:

UNABLE TO OBTAIN

By: _____

Title: _____

## *Costello Realty, Inc. / GMAC Real Estate (#001374800)*

# EXHIBIT B:  Reconciliation of Gross Revenues
### For the Period January 1, 1999 through December 31, 2001
*(See Accountants' Agreed-Upon Procedures Report)*

**1/1/99-9/30/1999**

|  | Amount per GMAC | | Tax Returns & Financial Statements | |
|---|---|---|---|---|
| Gross Receipts per Tax Return | | | $ | 865,691 |
| Add: | | | | - |
| Less: | | | | - |
| RCI per Financial Statements | $ | 459,552 | $ | 865,691 * |
| Less: RCI 10/1/98-12/31/98 | | - | | (227,965) |
| Less: Outside Broker Refs & Co-Broke | | - | | - |
| Add: Underreported RCI (Exh. II & IV) | | 90,729 | | - |
| Total RCI | $ | 550,281 | $ | 637,726 |
| Amount Over/(Under) Reported | | | $ | (87,445) |
| Percentage | | | | -16% |

\* Financial statements not available at office visit.  Per Franchisee, all acounting records were
discarded prior to the date of the office visit.  Subsequent to the office visit, we were able to
obtain QuickBooks detail of deposits from the Franchisee's outside accountant.  We traced
the QuickBooks deposit detail to the Monthly Transaction Report (MTR)
detail to ensure proper inclusion/exclusion in reporting to GMAC/BH&G.  All deposits
not included in the MTR are listed at Exhibit II.  QuickBooks detail for the period 1/1/99 -
9/30/99 was not available.  Thus, an accurate amount paid out for referrals & Co-Broke could
not be determined, and deposit detail could not be provided on Exhibit II.

*Lance P. Abbott, CPA*

*Costello Realty, Inc. / GMAC Real Estate (#001374800)*

## EXHIBIT B:  Reconciliation of Gross Revenues
**For the Period January 1, 1999 through December 31, 2001**
*(See Accountants' Agreed-Upon Procedures Report)*

__10/1/99-9/30/2000__

|  | Amount per GMAC | Tax Returns & Financial Statements |
|---|---|---|
| Gross Receipts per Tax Return |  | $ 1,124,003 |
| Add: Other Deposits |  | 34,883 |
| Less: |  | - |
| RCI per Financial Statements | $ 744,732 | $ 1,158,886 * |
| Less: Outside Broker Refs & Co-Broke | - | (247,143) |
| Add: Underreported RCI (Exh. II & IV) | 219,015 | - |
| Total RCI | $ 963,747 | $ 911,743 |
| Amount Over/(Under) Reported |  | $ 52,004 |
| Percentage |  | 5% |

\* See discussion at 1/1/99-9/30/99 RCI reconciliation.  Total deposits per the bank statements
  for this period = $1,169,324.

*Lance P. Abbott, CPA*

## *Costello Realty, Inc. / GMAC Real Estate (#001374800)*

# EXHIBIT B:  Reconciliation of Gross Revenues
**For the Period January 1, 1999 through December 31, 2001**
*(See Accountants' Agreed-Upon Procedures Report)*

**10/1/00-9/30/2001**

|  | Amount per GMAC | Tax Returns & Financial Statements |
|---|---|---|
| Gross Receipts per Tax Return |  | $  1,674,911 |
| Add: |  | - |
| Less: Other Income Items |  | 35,047 |
| RCI per Financial Statements | $  831,750 | $  1,709,958  * |
| Less: Exempt Transactions | - | (14,502) |
| Less: Outside Broker Refs & Co-Broke | - | (424,257) |
| Add: Underreported RCI (Exh. II & IV) | 558,806 | - |
| Total RCI | $  1,390,556 | $  1,271,199 |
| Amount Over/(Under) Reported |  | $  119,357 |
| Percentage |  | 9% |

* See discussion at 1/1/99-9/30/99 RCI reconciliation.  Total deposits per the bank statements
  for this period = $1,709,945.

*Lance P. Abbott, CPA*

*Costello Realty, Inc. / GMAC Real Estate (#001374800)*

# EXHIBIT B:  Reconciliation of Gross Revenues
**For the Period January 1, 1999 through December 31, 2001**
*(See Accountants' Agreed-Upon Procedures Report)*

<u>10/1/01-12/31/2001</u>

|  | Amount per GMAC | | Tax Returns & Financial Statements | |
|---|---|---|---|---|
| Gross Receipts per Tax Return |  |  |  | N/A |
| Add: |  |  |  | - |
| Less: Other Income Items |  |  |  | - |
| RCI per Bank Statements | $ | 162,204 | $ | 366,477 * |
| Less: Outside Broker Refs & Co-Broke |  | - |  | (50,413) |
| Add: Underreported RCI (Exh. II & IV) |  | 144,484 |  | - |
| Total RCI | $ | 306,688 | $ | 316,064 |
| Amount Over/(Under) Reported |  |  | $ | (9,376) |
| Percentage |  |  |  | -3% |

\* See discussion at 1/1/99-9/30/99 RCI reconciliation.  Total deposits per the bank statements
  for this period = $366,477.

*Lance P. Abbott, CPA*